# SUPREME JUDICIAL COURT,

FOR THE

## WESTERN DISTRICT,

### 1856.

## COUNTY OF CUMBERLAND.

OSBORN A. MELCHER *versus* NATHANIEL MERRYMAN & *als.*

In an action of trespass, *quare clausum*, deeds, not embracing any part of the premises in controversy, nor appearing to be important in tracing the title or explaining the possession of the parties, in short, not shown to afford either material or competent evidence, are inadmissible.

A deed having been once properly rejected as inadmissible, on the ground that it was not shown to have had any connection with the question in controversy, cannot be regarded as before the Court for admission, at a subsequent stage of the proceedings, when by the introduction of other testimony the foundation had been laid for its reception, unless it is again offered in evidence, and no exceptions can lie in such case.

If a line between lots was originally run and marked by monuments, it will remain the legally established line, so long as it can be ascertained. Monuments will control courses and distances.

An original line, shown to have been run and marked, is to be ascertained by tracing it from monument to monument, and in direct lines from one to the next, whether more or less distant.

A person's possession is presumed to be co-extensive with his grant, where there is no adverse possession.

Such possession is sufficient to enable the person to maintain *trespass quare clausum fregit.*

On Exceptions from *Nisi Prius*, SHEPLEY, C. J., presiding.

This was an action of trespass, *quare clausum*. Plea, general issue and brief statement. The verdict was for the plaintiff. The defendants filed exceptions to certain rulings and instructions of the presiding Justice, which are sufficiently stated in the opinion of the Court.

*Shepley & Dana*, for plaintiff.

1. The presiding Judge properly excluded the deeds offered by the defendants, which deeds did not embrace any portion of the land in controversy, as they admitted. 1 Greenl. Ev. § 145; 1 Phil. Ev., 243—245.

The principle is not different from that regulating the introduction of maps and plans. It is the same as if defendants had offered such maps or plans of premises other than the *locus,* which, even if they had related to the line in dispute, would not be admissible. 1 Phil. Ev., 250; *Doe* v. *Lakin,* 7 Carr. & P. 481; *Bridgeman* v. *Jennings,* 1 L'd Raym., 734.

2. The instruction was correct, that "If the line between the lots, (in dispute,) was originally run and marked by monuments on the face of the earth, the line so first run and marked, if it could now be ascertained where it was, would establish that line; that the jury would consider whether there was satisfactory evidence that the line was so run and marked, and, if so satisfied, that line would be ascertained by extending it from one of those monuments, or the place where it stood, to the next monument on the line, or the place where it stood, whether those monuments were more or less distant from each other," &c. *Allen* v. *Kingsley,* 16 Pick., 235.

*Gilbert,* for defendants, in reply, argued at length, and referred to the following authorities:—*Brown* v. *Gay,* 3 Greenl. 126; *Wyat* v. *Savage,* 3 Fairf. 429; *Lincoln* v. *Edgecomb,* 28 Maine, 280; *Pro. Ken. Purchase* v. *Laboree & als.,* 2 Greenl. 274; *Putnam Free School* v. *Fisher,* 34 Maine, 172.

HOWARD, J. — Whether the plaintiff was entitled to a verdict, upon the evidence, cannot now be the subject of in-

quiry, as the appropriate motion and report for that purpose are wanting. The exceptions present no such question.

Exceptions were taken to the exclusion of certain deeds offered in evidence by the defendants. The deed, Rodick to Bishop, did not embrace any part of the premises in controversy; nor did it appear to be important, either in tracing the title, or explaining the possession of the parties, or those through whom they claimed. The defendants failed to show that, when presented, it would furnish material or competent evidence, and it was therefore properly excluded.

When the deeds of Dunlap to Melcher, and Dunlap to Thomas Merryman, were offered by the defendants, the plaintiff had not shown or claimed any right or title through any of the parties to those conveyances; and, as it was admitted that they did not purport to embrace any of the land in controversy, they were not then material, and their exclusion was then proper, and furnished no just ground of exception. If, subsequently, the plaintiff, by introducing evidence of title derived through Dunlap, opened the way for the admission of Dunlap's deed to Melcher, previously offered by the defendants, and then excluded, it could not be considered as in the case, or before the Court, unless again offered as evidence. It could not be available to either party until it was offered, after it had become admissible, and was then either admitted or rejected. It appears, however, that when the counsel for the defendants referred, in his argument, to that deed as explaining, or referring to a corner named in a deed offered by the plaintiff, the counsel of the latter withdrew his objections to its introduction for that purpose. But then, even, it was not introduced, and formed no part of the evidence presented, after it had been legally rejected.

Exceptions were also taken to the directions of the presiding Justice, respecting the rules to be observed in determining the line between the lands of the parties to the suit. It was admitted, that they claimed to be owners of land in different adjacent lots; neither claimed any rights upon

the lot of the other.  It became important at the trial for the jury to determine where the line between those lots would fall, and whether it was originally run and traced upon the earth.  To enable them to determine those facts, they were referred to the evidence, with directions that an original location of the line, if shown to have been run and marked, was to be ascertained by tracing it from monuments established, or places where monuments were proved to have been placed or found in such location, in direct lines, whether such monuments were more or less distant from each other.

No substantial objection is perceived to these instructions, while the doctrine prevails, that in tracing and determining lines upon the face of the earth, monuments should control courses and distances, and while straight lines between given points are the shortest and most direct.

That the plaintiff's possession should be considered as co-extensive with his grant, where there was no adverse possession, cannot be questioned; indeed, the principle is admitted by the defendants to be sound, though its application is held by them to be incorrect, upon the facts supposed to be proved.  Such possession is sufficient to enable the plaintiff to maintain *trespass quare clausum fregit.*

*Exceptions overruled.* — *Judgment on the verdict.*

RICE and CUTTING, J. J., concurred.