GEORGE R. GRIFFIN vs. JOHN T. CREPPIN and another.

*In trespass quare clausum—possession presumed in real owner.    Land sold for taxes—to be accurately described.*

In *trespass quare clausum*, the possession is presumed to be in the owner of the legal title, in the absence of all other evidence.

In the sale of land for non-payment of taxes, the land assessed and sold must be accurately described.

Thus in the notice of the State treasurer's annual sale of lands in places not incorporated, and forfeited for state and county taxes, certain land, situated in township No. 8, South Division, in Hancock county, consisting of twenty thousand acres, was advertised and described as follows : ' Track No. 8, S. D. Advertised 4197; *Held,* That the description was too vague to pass the title.

APPLETON, C. J.    This is an action *trespass quare clausum.* On Sept. 27, 1860, D. W. Davis & Susan Woodbury conveyed by deed of warranty, four hundred and forty-nine acres by metes and bounds in the unincorporated township of No. 8, South Division, Hancock county.    It is admitted that this deed conveyed a legal title to the premises upon which the trespass was committed.

The plaintiff, having thus acquired a legal title to the land in controversy, and no one being shown to be in adverse possession, will be presumed to be in possession of the premises conveyed by his deed, and that possession will be presumed to continue, until it is shown to have ceased.

The defendant claims that this land has been forfeited to the State, and that he has acquired title to the forfeited estate.

No. 8, South Division, contains twenty thousand acres.    Of this

Griffin *v.* Creppin.

it is claimed that four thousand one hundred and ninety-seven acres have been forfeited for the non-payment of taxes.

Assuming there has been such a forfeiture, the evidence fails to show any title in the defendants by which they can justify as against the plaintiff. The advertisement of the sale, upon which the defendants rely, described the premises to be sold as follows:

' Hancock county.

| Tracts. | Advertised. | Sold. | State tax. | Interest. |
|---|---|---|---|---|
| No. 8, S. D. | 4197 | 4197 | 10.42 | 3.13 |

| Co. tax. | Interest. | Cost. | Due. | Sold for. | To whom sold. |
|---|---|---|---|---|---|
| 1.42 | 41 | 1.00 | 16.38 | 16.38 | Isaac R. Clark.' |

The description thus given is too vague to pass any title. No. 8, S. D. gives no satisfactory information. . What does S. D. mean? The advertisement gives no indication of the meaning of these letters. That must be sought elsewhere. Certain number of acres are to be sold. Are they to be sold in common or in severalty? The language does not describe any particular portion of the township. If the sale is to be of the specified number of acres, where are they situated; in the eastern or western, in the northern or southern part of the town, or in the centre? The language locates the land as much in one part of a town as in another. But the value of the lot depends in no slight degree upon an answer to the questions suggested.

' In a deed between individuals,' observes Ruggles, J., in *Tallman* v. *White*, 2 Comst. 66, ' a part of the description of the premises conveyed may be rejected on account of its falsity, if after its rejection there is enough left to show clearly what the owner intended to convey. But in sales for non-payment of taxes there is no intention of the owner to convey anything. In such cases, therefore, no questions of intention can arise. The description must accurately describe the land assessed and the land sold.' That the description in this case is fatally defective, would seem to be well established by repeated decisions of courts before whom similar questions have arisen. *Larrabee* v. *Hodgkins*, 58 Maine, 412;

*Greene* v. *Lunt*, 58 Maine, 519 ; *Lafferty* v. *Byers*, 5 Ohio, 290 ; Blackwell on Tax Title, c. 5 and c. 22.

But this is not all.   It nowhere appears that the plaintiff's lot, which he owns in severalty is included in the 4,197 acres alleged to have been forfeited.  If not so included, there has been no forfeiture, and if no forfeiture, there has been no land of the plaintiff which anybody has been authorized to sell.

> *Defendants defaulted.    Damages to be assessed by the judge at Nisi Prius.*

CUTTING, KENT, WALTON, and BARROWS, JJ., concurred.

*J. S. Rowe*, for the plaintiff.

*E. Hale & L. A. Emery*, for the defendants.