TEXAS & PACIFIC R'Y CO. v. WM. TORREY.

(No. 6919.)

APPEAL from Taylor County. Opinion by DAVIDSON, J.

JOHN BOWYER, counsel for appellant.

COCKRELL & COCKRELL, counsel for appellee.

§ 256. *Railroad companies; injuries caused by burning grass off land; who entitled to damages for such injuries.* Appellee brought his suit against appellant on September 30, 1889, for $475 for damages alleged to have accrued on account of burning grass off of the northeast quarter of section No. 47, Blind Asylum land, in Taylor county, and the northwest quarter of section 46 of same lands. The damages were placed at $350 for the grass burned, and for injury to turf at $125. Judgment was obtained for $230. The fire occurred on the 16th day of August, 1889. On August 6, 1889, ten days prior to the burning of the grass, the land was sold at sheriff's sale, and one Cameron became the purchaser thereof, and deed was made to him in accordance therewith. On September 5, 1889, suit was brought by Cameron against appellee and others to recover said lands, and appellee disclaimed as to the northeast quarter of section 47, and judgment was rendered in favor of Cameron of date September 25, 1889. Cameron also recovered judgment against appellee for the northwest quarter of section 46.

The land was inclosed at time of sale and purchase, and remained so. Cameron put in his claim against the railroad for burning the grass, and subsequently appellee presented his claim to the railroad for damages for same cause, which being refused payment, this suit was instituted, and judgment recovered. Cameron and appellee both claimed possession at the time the grass was burned. The title was in.Cameron, and appellee's claim was based upon the fact that he claimed to be in possession. Neither party lived on the land. The possession of land "is presumed to be in the owner of the legal title in the absence of all other evidence; or, in other words, no one shown to be in adverse possession, he will be presumed to be in possession; and it will also be presumed that his possession is co-extensive with his grant." [3 Suth. Dam. 364; Griffin v. Creppin, 60 Me. 270; Melcher v. Merryman, 41 Me. 601.]

When neither party has actual possession, the constructive possession is with the better title. [Padgett v. Baker, 1 Tenn. Ch. 222.] If neither party was in actual possession, the constructive possession is in Cameron, because the title was in him; and this is admitted by appellee. If this be correct, the appellee was not entitled to recover anything. But admit that the appellee was in the actual possession of the land at the time the grass was burned, and that his possession was lawful, then he would be but a tenant at sufferance. [Railway Co. v. Ragsdale, 67 Tex. 28; Hyatt v. Wood, 4 Johns. 150; Wood v. Hyatt, id. 313; Wood, Landl. & Ten. 13.] "The fact that the vendee did not disturb his possession did not give him any definite right to hold the land." Cameron at no time recognized his right to remain on or hold possession of the land. [Railway Co. v. Ragsdale, 67 Tex. 28.] "Proof of possession alone is sufficient, *prima facie*, to maintain an action for trespass against a wrong-doer; but this is upon the ground that possession is *prima facie* evidence of title. On the other hand, the

right of action for an injury to property in the posses-
sion of one, but the title to which is in another, accrues
to the possessor only to the extent of the damages to his
possessory interest." [Same authority.] If appellee had
been in possession lawfully, or under a contract that en-
titled him to retain possession of the land until Septem-
ber 25, 1889, he would not have had the right under the
law to recover more than the value of the grass to him
from the time it was burned until the 25th day of Sep-
tember.   What the measure of his damage would be
would depend upon the facts in the case.   It could only
be the value of the grass for grazing purposes during the
time he would have so used it between the date of burn-
ing the grass and the date of filing the suit against him
for the land, or, at furthest, the date of rendition of
judgment against him in favor of Cameron, which was
September 25th.   The only use to which appellee ex-
pected to put the grass was pasturing cattle in Septem-
ber.   No cattle were put into the pasture, and it is not
shown even at what time during that month he expected
to put cattle in the pasture where the grass was burned.
The highest price proven as rental value for pasture land
was twenty cents per acre per annum, and the lowest
price eight cents.   The grass is shown to have been de-
stroyed on one hundred and twenty acres of land on sec-
tion 46, and on one hundred and ten acres on section 47.
The damage assessed by the judgment is $230, which is
$1 per acre.   If appellee was entitled to the use of the
land at all, it was only from the time he intended to
place cattle in the pasture, to wit, in September, until
the date the judgment was rendered against him, and
this was less than one month, even if he intended put-
ting cattle on the grass on September 1st.   If he were a
naked trespasser he would not be entitled to this.   If he
were a tenant at sufferance he could recover only nom-
inal damages, and no more, in so far as damage to the
grass is involved.   He could not recover anything for

injury to the turf.  From the transcript it may be in-
ferred that the relation of the parties to section 46 is
somewhat on a different basis, but the record is too cha-
otic and confused to tell much about it, and we refrain
from discussing it particularly.  The testimony is not
satisfactory as to the fact that the railroad caused the fire
that burned off the grass.

May 31, 1891. '                    Reversed and remanded.