## No. 1963.

### INTERNATIONAL AND GREAT NORTHERN RAILWAY COMPANY *v.* R. S. RAGSDALE.

1. DILIGENCE—APPLICATION FOR CONTINUANCE.—The refusal of the district court to continue a cause on account of the failure to procure the testimony of a witness will not constitute error for which the judgment rendered will be reversed, unless facts be set forth in the application for continuance distinctly and with certainty showing that due diligence to secure the testimony was used. See statement in the opinion illustrating this rule.

2. AGENCY.—Agency may be established by showing that the principal had habitually ratified the acts of the alleged agent in similar transactions.

3. DECLARATIVES—AGENCY.—The rule is well established that the declaratives of an agent are only admissible as to matters within the scope of his authority; and only as the transactions then going on, and not as to past events.

4. EVIDENCE—COMPROMISE.—The rule which excludes an offer to compromise a contemplated suit, when made under an express or implied agreement that the conversation shall be without prejudice, is founded in the policy that to admit it in evidence would tend to discourage the settlement of litigation. If the proposition be to pay a sum to buy peace, and it has not been accepted and become a contract, it will be deemed to have been made without prejudice, and is not admissible in evidence; following Home Insurance Company v. Baltimore Warehouse Company, 83 United States, 527—which case is reviewed.

5. RIGHT OF ACTION—DAMAGE.—The doctrine that proof of possession of land is alone sufficient to entitle the occupant to maintain an action of trespass against a wrong doer, is founded on the fact that possession is prima facie evidence of title. But if the title be in another, the right of the possessor to recover is limited to the amount of damage to the possessory interest; if the damage be beyond this, and to the freehold, the possessor or tenant at sufferance can not maintain an action for its recovery.

APPEAL from Medina.    Tried below before the Hon. T. M. Paschal.

*Elias Edmonds*, for appellant, on the question of continuance, cited Paine v. Cox, 13 Texas, 480; Mapes v. The State, 14 Texas Court of Appeals, 129.

On the admission of the declarations of the agent, he cited 1 Greenleaf's Evidence, section 192; Andrews v. Winkler, 27 Texas, 170; 1 Phillips's Evidence, 103; 3 Blackford, 436; 9 Peters, 689; Latham v. Pledger, 11 Texas, 439.

On plaintiff's right as tenant to maintain the action, he cited Hyatt v. Woods, 4 John, 150; Allen v. Luseng, 1 Colchester, 204; 26 Vermont, 224; Russell v. Griffin, 46 New Hampshire, 230; Carey v. Buntaine, 4 Bibb, 217, and Estes v. Cook, 22 Pickering, 295.

*John C. Sullivan*, for appellee, on the question of the admissibility of the evidence of the witness Gooch, cited Cox v. Midland County Railroad, 3 Ex., 268; Redford Railway, second, 292; Stephenson v. North River & Harlem Railroad Company, 2 Dun, 342; Thomas v. Wells, 18 B., 500.

On the right of plaintiff to maintain the action as one in possession of the land, he cited Collins v. Turner, White & Wilson's Civil Cases, section 517; 4 Indiana, 219; 21 Indiana, 468, and 1 Comstock, 223.

Gaines, Associate Justice. Appellants' application for a continuance was properly overruled. His bond by which the case was appealed from the justice court, where it was originally tried, to the district court, was filed October 4, 1884. The cause was called for trial in the district court on the seventeenth day of the same month. The witness Gooch, whose testimony was sought, is shown by the record to have been in the employment of defendant not very long before the application, and it might be inferred was in its employment still. It would seem, therefore, that by proper diligence there was sufficient time to ascertain where he was and to take his deposition before the case was reached on the docket. The application states, in general terms, that as soon as the attorney for appellant ascertained "the whereabouts" of the witness, "he sent a notice and interrogatories propounded to said witness to the clerk of this court with a request that he would see the attorney for the plaintiff and ask him to waive service and time and cross the same, and if he would not do so, to place the notice and copy of interrogatories in the hands of the sheriff for service. That said notice and interroga-

tories were filed in this court (meaning the district court) on the fourteenth day of the present month," (October.) It does not distinctly appear at what date the county in which witness was residing was ascertained. Now how much time was consumed in the ineffectual attempt to procure the waiver of plaintiff's attorney? Under the circumstances the court might well have continued the cause in the exercise of a sound discretion; but we are not prepared to say that such diligence was shown as to render his ruling to the contrary erroneous.

The action was brought by appellee to recover of appellant damages for the destruction by fire of grass and timber on appellee's land, caused, as claimed, by sparks negligently emitted from appellant's engine. It seems that one Gooch, purporting to act on behalf of the company, undertook to adjust the claim; and the second and third assignments of error point to rulings of the court in admitting evidence of his acts and declarations, and more particularly to an alleged error in permitting appellee to prove, over appellant's objection, that Gooch agreed with the former to pay him, for the company, two hundred dollars in setment of the claim. It is contended that the testimony only showed that Gooch was the agent of appellant to settle claims against it for damage to stock, and not to adjust other demands. It seems to be well settled that an agency may be established by showing that the alleged principal had habitually ratified the acts of the alleged agent in similar transactions (1 Wood on Railway Law, 445; Redfield on Railways, 2 ed., 292; 1 Rorer on Railroads, 661); and in Beattie v. Delaware, Lackawana and Western Railroad Company, 90 New York, 643, the court say, in reference to the authority of one purporting to act for another: "It might be established by circumstances, and among others the recognition by defendant of acts on his part similar in character to those in controversy."

The evidence in the case before us shows that Gooch was known in the community as the stock agent of the appellant; that l e adjusted claims for damage to live stock against the company, and these were paid by it; that he agreed to settle on behalf of the company claims for damages growing out of the same fire which caused the loss sued for in the present case, and directed the station agent of the company to pay one of the claims which was accordingly done. It must be conceded that authority to adjust claims for live stock would not imply power to adjust other claims; but the functions of the agent are so

nearly the same in the two cases, that it would seem only slight evidence would be required to show that an agent of a railroad company to settle claims against it for damage to live stock, had authority to adjust demands against it for damages to other property. The rule is that the declarations of the agent are only admissible as to matters within the scope of his authority, and only as to transactions then going on, and not as to past events. (2 Wharton's Evidence, 326–7.)

The testimony admitted in this case was that appellee demanded of Gooch two hundred and fifty dollars in payment of his damages; that Gooch offered to pay this as soon a he could hear from "the auditor at St. Louis," and that appellee agreed to accept it. His agency to settle claims being proved prima facie, as we hold, then his admissions, made in course of an attempt to settle this business, could be properly introduced, unless objectionable on some other ground.

But it is urged that the testimony was inadmissible because it was an offer to compromise. The principle is elementary, that an offer to compromise a prospective suit, if expressly or impliedly made without prejudice, can not be admitted in evidence when objected to. To permit the introduction of such offers tends to discourage the adjustment of suits, and for that reason is against the policy of the law. If the object of the party in making the offer was to buy his peace (which is impliedly manifested by a mere proposition to pay a sum in settlement), it is deemed to have been made without prejudice and will be excluded. (2 Whart. Ev., 257; 1 Greenl. Ev., sec. 192; Home Insurance Company v. Baltimore Warehouse Company, 93 U. S., 527. See also 2 Whart. Ev., 252.) Numerous authorities may be cited to show that the admission of a fact pending a negotiation for compromise may be admitted; but we have found none that a proposition, which has not been accepted and become a contract, is legal testimony. In Home Insurance Company v. Baltimore Warehouse Company, supra, the court say: "The letter was an offer of compromise, and as such, upon well recognized legal principles, it was inadmissible. It contains no statement which can be separated from the offer and convey the idea which was in the writer's mind." This shows the distinction between a fact admitted pending an attempt to compromise and a mere proposition of settlement. The testimony introduced in the case before us was purely an offer by Gooch to pay two hundred dollars in settlement of appellee's claim, subject to the approval of the auditor of the

company, and, though accepted by appellee, could not, under the rules laid down above, be admitted in evidence over appellant's objection.

For the error in permitting this testimony as to Gooch's offer to be introduced, the judgment will be reversed; but with a view to another trial of the case, it is proper to indicate an opinion upon another question which has been discussed in briefs by counsel both for appellant and appellee, and which goes very nearly to the foundation of the action.

The evidence shows that the fire occurred in August, 1883. In the month of May preceding, appellee conveyed the land upon which the grass and timber grew to one Kempf, by an absolute deed, but verbally agreed at the time, with Kempf, that he was to remain in possession until next November. Appellee held the lands under this agreement until after the destruction of the grass and timber took place, and in September following purchased the land back from Kempf. The parol agreement being made at the time the deed was executed, and being intended as a part of the contract can not be admitted to vary the writing, and is therefore void. Hence, although appellee was lawfully in possession at the instant the deed was delivered, the conveyance taking effect immediately, his holding over was without lawful authority. This would seem to constitute him a tenant at sufference. (Hyatt v. Wood, 4 John., N. Y., 150; Wood v. Hyatt, Id., 313; Wood's Landlord and Tenant, 13.) The fact that the vendee did not disturb his possession, did not give him any definite right to hold the land, there being no evidence that Kempf, at any subseqent time, did any affirmative act recognizing his tenancy. (It is true that proof of possession is alone sufficient, prima facie, to maintain an action of trespass against a wrong doer; but this is upon the ground that possession is prima facie evidence of title. On the other hand, the right of action for an injury to property in possession of one, but the title to which is in another, accrues to the possessor only to the extent of the damage to his possessory interest. He can not recover for an injury to the freehold which is not likewise an injury to his estate. A tenant in common can have his action only for his own damage, and must join with his cotenants. (May v. Slade, 24 Texas, 205.) A tenant for life can not recover the entire damage to the freehold. (Rowland v. Murphy, decided at this term; Wood's Max. on Dam., 541; 3 Sutherland on Dam., 365, 366.)

If appellee had been in possession under a valid contract en-

titling him to retain it until November, he could only recover for the injury to his term, the measure of his damage being the value of the grass to him. This might be its entire value, or only its value for grazing purposes until the expiration of the lease, depending upon the purpose for which the grass was used. But without some agreement giving him a special right to the timber, he could not recover for its destruction. On the other hand, if he were a mere tenant at sufferance, what damage could he recover from an injury to property which he held only by the forbearance of the legal owner? He would be entitled to recover nominal damages, perhaps—but not more—in the absence of proof of some special injury other than the destruction of the grass and timber growing upon the freehold.

For the error in admitting the proof of the offer of compromise, the judgment is reversed and the cause remanded.

*Reversed and remanded*

Opinion delivered November 19, 1886.