FERGUSON v. SANDERS. (No. 761.)

(Court of Civil Appeals of Texas. Amarillo. April 3, 1915. Rehearing Denied May 1, 1915.)

1. COMPROMISE AND SETTLEMENT ☞20—CONTRACT—BREACH.

Where two partners, between whom actions were pending, agreed upon a settlement by the terms of which one transferred to the other certain claims against third persons, and one of the claims so transferred had already been fully paid, the contract was breached in its inception and furnishes no ground for recovery by the partner making the transfer against the other for proceeding to judgment in one of the actions.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 83–88; Dec. Dig. ☞20.]

2. JUDGMENT ☞335—VACATION—BILL OF REVIEW—REMEDY AT LAW.

A bill of review does not lie to set aside a judgment where the judgment defendant neg-

lected to make use of a legal remedy to vacate the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 647–663; Dec. Dig. ☞335.]

3. JUSTICES OF THE PEACE ☞126—CIVIL ACTIONS—CERTIORARI—DILIGENCE.

Where one against whom a judgment had been rendered by a justice of the peace learned of the judgment four days before the expiration of the time within which to sue out a writ of certiorari, but left town on other business so that his attorney could not take any action in time, he did not exercise due diligence and is not entitled to a bill of review to vacate the judgment.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 400, 464; Dec. Dig. ☞126.]

Appeal from Hale County Court; W. B. Lewis, Judge.

Action by O. C. Sanders against Joe Lee Ferguson. Judgment for the plaintiff, and defendant appeals. Reversed and rendered for defendant.

Graham & Graham, of Plainview, for appellant. Y. W. Holmes, of Plainview, for appellee.

HENDRICKS, J. This record shows that upon September 12, 1913, two suits were pending, in which these same parties were litigants, one in the justice court at Hale Center, Hale county, Tex., and the other in the county court of said county. By written contract, executed by the parties upon that date, it was agreed that said suits would be dismissed, in consideration of which the appellee Sanders released to Ferguson, the appellant, all his interest in certain claims, some evidenced by promissory notes, and some by open account, including a claim against the railway company for damages to certain hay; said contract also containing the following stipulation: "All claims against J. J. Ellerd for hay is hereby transferred to said Ferguson by said Sanders."

Sanders and Ferguson had previously been partners in the hay business, and the contract of settlement transferring Sanders' interest to Ferguson in the claims mentioned, and providing for the dismissal of the suits as indicated, was a compromise settlement of their contentions. The suit of Ferguson against Sanders, in the justice court, was not dismissed, but on October 13, 1913, a month after the execution of the contract, Ferguson procured judgment against Sanders for the amount of $82.99, demanded in that proceeding. Execution was issued upon this judgment, and on the 8th day of January, 1914, was levied upon 68 sacks of grain owned by Sanders, and thereafter sold to Ferguson, the judgment creditor, for $126.01. The amount necessary was applied on the judgment in satisfaction of same, and the balance, evidenced by check, sent to Sanders, which was refused. Sanders then sued Ferguson in the justice court, in which the said judgment was rendered, to set aside the same, which was done, from which judgment Ferguson appealed to the county court, in which latter court Sanders had instituted another suit against Ferguson, for damages, actual and exemplary, alleging a violation of the contract by Ferguson in not dismissing said justice court suit, and also alleged a fraudulent rendition of said judgment, levy of execution, and sale of property thereunder. The two suits, the one to review and set aside the justice court judgment, after appeal to the county court, and the other for damages, instituted in the latter court, were consolidated in said latter court.

[1] We think this record exhibits a lack of cause of action by Sanders against Ferguson. As stated, these men had been partners, engaged in the grain and hay business, the record suggesting that Ferguson was furnishing the money, and Sanders contributing his labor and experience. Contentions had arisen between them, suits had been filed, the parties were not upon speaking terms, and as a matter of settlement and for the purpose of ending the litigation between them, Sanders released and assigned to Ferguson the claims, open accounts and notes as indicated, including a transfer, as quoted, of all claims against J. J. Ellerd for hay. This record conclusively shows that in the spring of 1913, months previous to the settlement contract in September, 1913, hay had been sold by Sanders to Ellerd; the scale tickets representing the weight and delivery had been turned over to Ferguson, and that Ferguson credited Sanders with the hay, the latter looking entirely to Ellerd; and on the 24th day of April (several months previous to the contract of settlement) Ferguson had a settlement with Sanders as to the Ellerd hay, which is also undisputed. Ferguson also testified that at the time the contract of settlement, September 13, 1913, was executed, Sanders represented that there was a claim of $19.60 for hay against Ellerd, which is likewise undisputed, and which Ferguson supposed was additional hay to that purchased by Ellerd in April; and upon demand by Ferguson to Ellerd, the latter claimed he had paid for all the hay he had purchased, and it developed that Ellerd in reality (though there is some slight confusion in regard to one load) had only purchased three loads of hay. It is conclusive that Sanders, who weighed and sold the hay, only accounted to Ferguson for three loads. The man who hauled the hay testified that he only got three loads. Ferguson settled with Ellerd for only three loads, and on the 24th of April, 1913, settled with Sanders for only three loads. It is certain that Sanders did not have a claim against Ellerd for $19.60, on the 13th day of September, 1913, over and above the three loads of hay sold by him to Ellerd, and with reference to which a settlement had been made by Sanders with Ferguson months previously.

When Sanders transferred to Ferguson all claims for hay against Ellerd, in reality he had nothing to transfer, and the contract executed by him was broken when made; and in predicating this suit upon a breach by Ferguson of the contract, claiming that the latter failed to dismiss the suit, he is suing upon a contract he had already broken, and is in no attitude to recover. Fink v. Hough, 153 S. W. 676.

[2] Considering the question only as a part of the original county court suit, as an element necessary for Sanders to prove, we do not think that he has exhibited sufficient right to set aside the justice court judgment by a bill of review after a term of that court had expired. In the case of Railway Co. v. Ware, 74 Tex. 47, 11 S. W. 919, Justice Gaines held, upon an injunction proceeding, where the service of citations and returns thereupon were defective in justice court cases (in fact void), "that if the defendant in a void judgment has had an opportunity to avail himself of a legal remedy to vacate it, and has neglected to make use of it, relief by injunction should be denied him," holding that the railway company in that cause "had a remedy by writ of certiorari in each case"; that is those cases where the amount in controversy exceeded $20.

[3] In this cause the constable levied upon the grain at Hale Center the 8th of January, 1914, which was Thursday; he went to Plainview upon the noon train and consulted his lawyer. The lawyer telephoned Thursday to Hale Center for information as to what had been done. The constable informed him that he had levied an execution upon a judgment rendered in the justice court in the Ferguson-Sanders suit, and without obtaining any further information, the attorney wrote a letter which he knew would be mailed the next day, Friday, and Sanders left for Crosbyton, on other business, his attorney receiving the papers Saturday from Hale Center, and testifying that on account of Sanders' absence he could do nothing, meaning thereby that he was unable to apply for and obtain a writ of certiorari on account of the absence of his client. The 90 days after the date of the rendition of judgment within which to obtain the writ of certiorari in the county court nominally expired upon Sunday, but on account of the last day falling on Sunday, that day is not counted and the writs of certiorari could have been obtained the next day, Monday. Hanover Fire Insurance Co. v. Shrader & Rogers, 89 Tex. 37, 32 S. W. 872, 33 S. W. 112, 30 L. R. A. 498, 59 Am. St. Rep. 25. Voluntary absence of a client should not be set up as due diligence. We think the opposite was shown in this record, therefore this cause comes within the principle of Railway Co. v. Ware, supra, decided by Justice Gaines of the Supreme Court.

Reversed and rendered.