LEFF v. ADAMS.  (No. 1934.)

(Court of Civil Appeals of Texas.   El Paso.
Dec. 9, 1926.)

1. Executors and administrators ⬦�013443(5)—
Petition in suit against executrix held not subject to special exception, as stating offer in compromise of balance of account.

Petition alleging full account for services was rendered deceased, and alleging in alternative plaintiff submitted account in lesser sum, which defendant agreed to pay, and paid part thereof, leaving balance, *held* not subject to special exception as stating offer in compromise of balance due.

2. Executors and administrators ⬦�013 87—Executrix's agreement to pay account for services rendered decedent, in part carried out, held binding.

Agreement of executrix to pay account for physician's services rendered for less amount than reasonable value thereof, in part carried out, *held* binding.

3. Executors and administrators ⬦�013221(5)—Testimony of letter from executrix's attorney, inclosing check, with promise to remit balance, held admissible.

In suit against executrix for physician's services to deceased, evidence of witness, attorney for estate, and letter written by him under defendant's authority, inclosing check, with promise to remit balance on account, *held* admissible.

4. Compromise and settlement ⬦�013 20(1)—Compromise agreement, though partly executory, is bar to suit on full account.

Valid compromise agreement of physician to accept less amount for services rendered deceased than reasonable value thereof, though partly executory, is bar to full account, and suit would be on unpaid balance.

Error from El Paso County Court at Law; J. M. Deaver, Judge.

Suit against M. I. Leff against Myrtle Adams, independent executrix of the estate of Pete Adams, deceased.  Judgment for defendant, and plaintiff brings error.  Reversed and remanded.

Julian P. Harrison, of El Paso, for plaintiff in error.

Fryer & Cunningham, of El Paso, for defendant in error.

WALTHALL, J.   Dr. M. I. Leff brought this suit against Mrs. Myrtle Adams, in her representative capacity as independent executrix of the estate of Pete Adams, deceased, to recover on an alleged balance of an account for medical services rendered deceased.   The case was tried without the aid of a jury, and judgment was rendered, denying any relief.

[1] The court sustained a special exception to the petition as alleging an account in compromise of the amount sued for, and plaintiff in error excepted.   The petition alleges, in substance, that the full account of the services rendered to deceased was of the reasonable value of $711, and alleges in the alternative that he submitted an account for services rendered in the sum of $650, and the defendant agreed and promised to pay and plaintiff agreed to accept the sum of $650 for the services so rendered, and that thereafter defendant in error paid on said account the sum of $350, leaving a balance of $300, which defendant has refused to pay, though often requested.   We think the petition was not subject to the special exception as stating an offer in compromise of the balance due on the account.

[2] Plaintiff then undertook to prove his claim as itemized, under his first count.   The propositions submitted, other than those we will discuss, are directed to the rulings of the court on the tender of evidence under the first count.   We think it necessary to discuss only such as might arise on another trial, should plaintiff in error try his cause on the second or alternative plea of an express agreement to pay and to accept in payment for the services rendered the balance of $300.   If such agreement was entered into, and in part carried out, as alleged, we see no reason why both parties should not be bound thereby.

[3] We think the evidence of the witness Weisiger, and the letter written by witness, should have been admitted.   It is to the effect that the witness was the attorney for the estate of the deceased; that defendant in error authorized him to write the letter offered in evidence, and to send inclosed to plaintiff the check for $350, with promise to remit the balance of the account at a later time.   The witness did write the letter and inclosed the check, which plaintiff alleges he accepted under the agreement that the full account for the services rendered should be $650.   The tendered evidence was excluded on the theory, as we understand it, that the petition stated only a compromise proposition for settlement of the account.

[4] A valid compromise agreement, as alleged, though partly executory, operates as a bar to the full account as it formerly was, and the suit would be on the unpaid balance as agreed.   12 C. J. p. 314, and cases cited.   We think the plaintiff should have been permitted to have tried his case and offer his evidence on his second count.

For reasons indicated, the case is reversed and remanded.

---

⬦�013For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes