## LEIJA v. AMERICAN AUTOMOBILE INS. CO.

No. 12305.

Court of Civil Appeals of Texas. San Antonio.

Sept. 26, 1951.

Rehearing Denied Oct. 24, 1951.

G. Woodson Morris, Ronald Smallwood, San Antonio, for appellant.

Carl Wright Johnson, Nat L. Hardy, San Antonio, for appellee.

NORVELL, Justice.

This is a workmen's compensation case. The appellee as insurance carrier had paid $201.00 to appellant and recovery of an additional amount was denied. The jury found that appellant's injury resulted in a temporary total incapacity of ten weeks' duration.

Appellant first complains of the trial court's action in admitting in evidence

portions of a written instrument signed by appellant, reading as follows:

"San Antonio, Texas
"March 16, 1950

"My name is Pascual Leija, 42 years of age, married. My Social Security Number is 465–10–4342. I live at Natalia, Texas.

"On January 24, 1950, while in the employ of Banana Supply Company, working as truck driver, averaging $35.00 weekly, I received a personal injury. I was trying to start the refrigerator motor on top of the trailer and the rope broke causing me to fall to the ground where I broke one of the small bones in my foot. My left foot was the only part of my body that was injured.

"The doctor has dismissed me as able to go back to work on March 20, 1950, and I feel as if I have recovered.

"Pascual Leija, Natalie, Texas."

This document was executed as a part of a number of papers relating to a proposed settlement of appellant's claim before the Industrial Accident Board. This fact does not appear from the instrument offered in evidence, however, which purports to be a recitation of facts contradicting appellant's testimony given from the witness stand in this case. After the court admitted the statement in evidence, appellant went fully into his version of the transaction which gave rise to the preparation and signing of the document. He contended that it was prepared by an employee of the insurance company; that he did not know what it contained, but signed it in order to get some compensation for his injuries. The appellee, in turn, presented its version of the matter. All this went before the jury and was no doubt considered by the members thereof in arriving at their verdict. It was not error for the court to admit the document in evidence in the first place, nor refuse to strike it out after appellant had testified about the circumstances under which it was executed. This matter was discussed and ruled upon contrary to appellant's contention in United Employers Casualty Co. v. Smith, Tex.Civ.App., 145 S.W.2d 249, writ refused, opinion by the late Chief Justice Smith of this Court. The rule is stated in American Jurisprudence as follows: "While a bare offer to compromise does not constitute an admission on the part of the person making it, the fact that a writing contains an offer of compromise does not render it inadmissible in evidence if it is competent evidence for other purposes. If a statement forming a part of an offer of compromise or made in the course of negotiations to effect a settlement is an admission of an independent fact pertinent to an issue between the parties, it is admissible on the trial of such issue, unless it is so closely connected with the offer of compromise as to be inseparable therefrom, is a tentative or hypothetical statement as distinguished from a definite statement of a fact, or is expressly made without prejudice or indicates that it is made in confidence that a compromise will be effected." 20 Am.Jur. 478, Evidence, § 566, Statements of Independent Facts. See also, International and Great Northern Railway Co. v. Ragsdale, 67 Tex. 24, 2 S.W. 515; Sanford v. John Finnigan Company, Tex.Civ.App., 169 S.W. 624.

The trial court did not abuse its discretion in receiving the disputed statement in evidence or in refusing to instruct the jury not to consider the same. 17 Tex.Jur. 561, § 233. Appellant's points Nos. 1 to 4, inclusive, are overruled.

There is no merit in appellant's fifth point. The charge of the court seems to adequately cover the case and it appears that appellant did not present his requested special issues within the time prescribed by Rule 273, Texas Rules of Civil Procedure.

Appellant's sixth point relates to a matter recently passed upon by this Court in Fluitt v. Employers Mutual Liability Ins. Co., 242 S.W.2d 649. The question asked of appellant in this case (and ruled out by the court) as to whether he thought he would be able to do any work in the future, is the same as that employed in the Fluitt case. The accompanying evidentiary situation is likewise similar. Upon authority of the case cited, we overrule appellant's sixth point.

The judgment is affirmed.