JOE BRANNAM V. TEXAS EMPLOYERS' INSURANCE ASSOCIATION.

No. A-3471. Decided April 9, 1952.
Rehearing overruled May 7, 1952.
(248 S. W. 2d Series, 118.)

Bob Huff, of Lubbock, and John J. Watts, of Odessa, for petitioner.

The Court of Civil Appeals erred in holding that the compromise settlement agreement was admissible and that the trial court's refusal to receive it in evidence was reversible error. International & G.N.R.R. Co. v. Ragsdale, 67 Texas 24, 2 S.W. 515; Texas Co. v. Strange, 154 S.W. 327; Sullivan v. Missouri, K. & T. Ry. Co. 110 Texas 360, 220 S.W. 769.

Whitaker, Turpin, Kerr, Smith & Brooks and Raymond A. Lynch, all of Midland, for respondent.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This is a workmen's compensation case filed by Joe Brannam, petitioner, against Texas Employers' Insurance Association, respondent. Upon a jury verdict the trial court rendered a judgment for petitioner, which was reversed by the Court of Civil Appeals and the cause remanded. 245 S. W. 2d 271.

The only question both in the Court of Civil Appeals and here is whether the trial court properly refused to admit in evidence a compromise settlement agreement signed by both parties before this suit was filed but never approved by the Industrial Accident Board. The body of this agreement was:

"On the 3rd day of November, 1949, Joe Brannam sustained

injury while employed by J. F. Pritchard & Company, which employer was insured under the Workmen's Compensation Law of Texas by TEXAS EMPLOYERS' INSURANCE ASSOCIATION. The undersigned agree that the liability of TEXAS EMPLOYERS' INSURANCE ASSOCIATION, or the extent of the injury, is uncertain, indefinite or incapable of being satisfactorily established.

Wages:          $112.50
Time lost from work:          11-3-49 to 1-26-50          (11 weeks)
Compensation rate:  $25.00
Compensation paid to date:    Nil
Age:   30
Is employee disfigured as a result of this injury?   No
Accrued medical and hospital expense will be paid by:
   Joe Brannam
"The undersigned agree to compromise and settle this claim for Workmen's Compensation Insurance for the sum of EIGHT HUNDRED NINETY-SIX AND NO/100 DOLLARS ($896.00) to be paid in addition to $ Nil heretofore paid.

"The Association denies any liability whatsoever and Mr. Brannam agrees to pay for all medical bills incurred.

"It is further agreed that this compromise settlement is made subject to the approval of the Industrial Accident Board, and that when said approval has been given and the amount mentioned herein has been paid, the same will have been fully consummated and the compensation under the Workmen's Compensation Act of Texas will have been fully and finally compromised, settled and satisfied.

"Signed at Midland, Texas on the 26th day of January, 1950.
"I have read the above and fully understand it.
WITNESSES:                    Joe Brannam
                              Claimant, Joe Brannam
W. V. Stafford                600 North A.,
                              Midland, Texas
                              Address
         TEXAS EMPLOYERS' INSURANCE ASSOCIATION
                   By P. C. Stack"

INDUSTRIAL ACCIDENT BOARD
     RECEIVED: FEB. 7, 1950
        STATE OF TEXAS"

When this instrument was offered petitioner objected to its admission "because it is certainly hearsay. An offer for an oral compromise is never admissible." He further urged that it "was

inadmissible for the reason that it could never be binding upon the plaintiff until approved by the Industrial Accident Board as provided by Statute and that such instrument was an offer of compromise which was not carried out by the parties thereto and which was ineffectual to bind the plaintiff in any manner." Respondent stated that it was offered as an "admission against interest and not for the purpose of being binding, and for impeachment purposes."

Respondent admits the general rule that offers of compromise are not admissible in evidence, but contend that the principle does not apply to a completed agreement for a compromise although the agreement is later repudiated by one of the parties; that while petitioner's repudiation of the compromise agreement plus the consequent refusal by the Industrial Accident Board to approve it did prevent the instrument from becoming a contract, nevertheless those facts did not destroy its effect as an admission against interest.

1   In support of this contention respondent cites the text from 31 C.J.S., Evidence, sec. 284, which declares: "As a general rule, a written statement is none the less competent as an admission because it is contained in a document ineffective for the purpose for which it was made." However, the subject matter there under consideration is not offers of compromise, that being dealt with in 31 C. J. S. Evidence, secs. 285 et seq. We believe the true rule is stated in sec. 290 (31 C.J.C., Evidence) as follows: "It is usually considered that the rule excluding evidence of offers of compromise does not apply to a completed agreement for a compromise, and that such agreement, *unless for some reason void,* is ordinarily admissible." (Italics ours.) Paraphrased, that language means that the rule excluding offers of compromise applies as well to completed compromise agreements when the latter are void.

2   Under the decisions of this court, compromise agreements settling compensation claims are void and wholly ineffective unless and until approved by the Industrial Accident Board; and claimant has the right at any time before the Board's approval to withdraw from the agreement for any reason satisfactory to himself. Petroleum Casualty Co. v. Lewis (Civ. App.) 63 S. W. 2d 1066, error refused, cited with approval in Commercial Casualty Ins. Co. v. Hilton, 126 Texas, 497, 87 S. W. 2d 1081 and 89 S. W. 2d 1116. This is because Art. 8307, sec. 12, Vernon's Anno. Civ. Stat., provides, "Where the liability of the association or the extent of the injury of the employee is uncertain,

indefinite or incapable of being satisfactorily established the Board may approve any compromise, adjustment, settlement or commutation thereof made between the parties." Texas Emp. Ins. Association v. Miller, 137 Texas, 449, 154 S. W. 2d 450. Therefore, the agreement in question here falls within the rule above stated that void compromise agreements are not admissible.

Besides 31 C.J.S., Evidence, sec. 284, supra, respondent cites in support of its contention Reese v. McVittie, 119 Colo 29, 200 Pac. 2d 390; Lane v. Miller Lbr. Co. et al, 101 Okla. 14, 222 Pac., 968, and Dugger v. Kelly 168 Ia. 129, 150 N.W., 27. But the agreements there offered did not require approval by any governmental agency to make them effective nor was there any claim that they were in any manner invalid, hence those cases have no bearing on the issue at bar.

Other cases cited by respondent hold that statements made by the claimant and filed with the Industrial Accident Board in support of his claim are admissible. Obviously, they likewise have no relation to our question.

3 But respondent insists that it was admissible even though not a valid contract "as a written statement evidencing petitioner's attitude in respect to the nature and extent of his injuries at the time the statement was made." And in this connection it asserts that he had made no avowal of injuries to his back nor of any total and permanent disability until he testified on the trial of this case. Be that as it may, the entire context of the instrument refutes any intent on the part of petitioner to state the nature and extent of his injuries or the amount of his damages "for any other purpose than compromise." Sullivan v. Missouri, K. & T. Ry. Co. of Texas, 110 Texas, 360, 220 S. W. 769. For the converse of the situation in the Sullivan case, see Sanford v. John Finnigan Co. (Civ. App.) 169 S. W. 624, error refused, wherein it is said, "There is nothing in the letter (objected to as an offer of compromise) that indicates that the statements therein would not have been made except to bring about a compromise." In Bedner v. Federal Underewriters Exchange (Civ. App.), 133 S. W. 2d 214, er. dism., cor. judgt., it was held that checks given the claimant for weekly compensation at $17.13 per week, as advance payments "upon a compromise settlement of the claim in suit which for some reason failed of consummation," did not constitute an admission by claimant of what the deceased's average weekly wage was and was inad-

missible because it involved an unsuccessful effort at compromise.

We conclude that the trial court correctly excluded the instrument.

Therefore, the judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered April 9, 1952.

Rehearing overruled May 7, 1952.