In the Interest of J___ T___ H___, a Child.

No. 16692.

Court of Appeals of Texas, San Antonio.

March 3, 1982.

---

Dewey Bain, Texas Dept. of Human Resources, San Antonio, for appellant.

Edward E. DeWees, Jr., San Antonio, for appellee.

Before ESQUIVEL, CANTU and BASKIN, JJ.

## OPINION

CANTU, Justice.

This suit was brought by appellant, petitioner below and the mother of J____ T____ H____, seeking a determination of paternity and an order for child support. The child was born out of wedlock on March 18, 1979. On August 20, 1979 appellant filed her petition alleging appellee, respondent below, to be the father of her child. The appellee answered by a general denial. A court order was entered requiring appellant, appellee and the child to submit to blood tests. Five days later, on September 11, 1979, a report was issued based on an analysis of the blood samples which indicated that the appellee could not be excluded as the father of the child. Appellant's private attorney withdrew from the case in favor of counsel furnished by the Texas Department of Human Resources. The original petition was amended on December 7, 1979 to assert a cause of action, by way of assignment, against appellee pursuant to 42 U.S.C. § 654 (Supp.1981) and Tex.Rev.Civ.Stat. Ann. art. 695c, § 18–B (Vernon 1964).

On January 10, 1980, appellant and appellee signed a handwritten instrument entitled "Agreed Compromise Settlement"[1] which was composed and written by appellee's attorney. It stated:

[Appellant] and [appellee] agree that both parties have compromised their position in regards to the paternity suit 79–CI–12905.

[Appellee] agrees that as a compromise that he is the father of J____ T____ H____ and an appropriate order will be entered.

[Appellant] agrees on behalf of herself and her son, J____ T____ H____ that they waive any support or other compensation at this time and at any time in the future.

Thereafter a motion requesting a pre-trial conference to hear testimony concerning the blood tests was filed by the Texas Department of Human Resources on behalf of appellant. At the pre-trial hearing held on May 22, 1980, the court found that the blood tests failed to show by clear and convincing evidence that appellee was not the father of the child and the case was set for trial.

The trial on the merits commenced on July 1, 1980 before a jury. Appellant attempted to introduce the written statement entitled "Agreed Compromise Settlement" and appellee objected on the grounds that it was an offer of a compromise settlement. The trial court sustained the objection but permitted the preparation of a bill of exceptions. During the testimony on the bill of exceptions appellant stated that she would not now agree to her portion of the settlement. Counsel for appellee stated that appellee had been and was still ready to agree to the settlement as proposed.

The jury returned a verdict in favor of the appellee. Appellant's motion for new trial was overruled whereupon she properly perfected this appeal.

Appellant brings forth three points of error, all complaining of the trial court's

1. The signing of the instrument was not denied by appellee.

exclusion of the written statement into evidence. She asserts that it was error to exclude this statement because: 1) it was an accepted settlement agreement, 2) it was an admission against appellee's interests, and 3) it was inconsistent with the position taken by appellee during trial.

We hold that the trial court did not commit error in excluding the complained of instrument.

The exclusionary rule does not ordinarily apply to a completed agreement for a compromise, *see Brannam v. Texas Employers' Ins. Ass'n.*, 151 Tex. 210, 248 S.W.2d 118 (1952); however, we believe that each case must be analyzed on its merits and though the agreement may be tentatively accepted by both parties, the mere acceptance of the offer should not change the admissibility problem. *See* Bell, Admissions Arising Out of Compromise—Are They Irrelevant? 31 Texas L.Rev. 239 (1953). Courts should look to the policy reasons for the exclusion of offers and acceptances of compromises, and these policy reasons should be just as applicable in deciding the issue of admissibility of accepted yet unperformed offers. It is within the discretion of the trial court to determine from the surrounding facts and circumstances whether or not an offer or acceptance was in compromise, and we are not authorized to overrule that discretion if the trial court's action is supported by sufficient evidence. *Allen v. Avery*, 537 S.W.2d 789 (Tex.Civ.App.—Texarkana 1976, no writ); *Ditto v. Piper*, 244 S.W.2d 547 (Tex. Civ.App.—Fort Worth 1951, writ ref'd n.r. e.).

Appellant recognizes the general rule holding that *offers* of compromise are not admissible in evidence, *see International & G. N. Ry. Co. v. Ragsdale*, 67 Tex. 24, 2 S.W. 515 (1886); however, she contends that the principle does not apply to a *completed* compromise agreement. In support of this contention appellant cites *Brannam v. Texas Employers' Ins. Ass'n., supra*, in which the court stated the following:

We believe the true rule is stated in 31 C.J.S., Evidence, § 290 as follows: "It is usually considered that the rule excluding evidence of offers of compromise does not apply to *a completed agreement* for a compromise, and that such an agreement, *unless for some reason void*, is ordinarily admissible." (Emphasis supplied).

*Id.* 248 S.W.2d at 119.

However, in Texas, a contrary view has been adopted in some cases. *See International & G. N. Ry. Co. v. Ragsdale, supra; Krenek v. South Texas Electric Cooperative, Inc.*, 502 S.W.2d 605 (Tex.Civ.App.—Corpus Christi 1973, no writ); *Bedner v. Federal Underwriters Exchange*, 133 S.W.2d 214 (Tex.Civ.App.—Eastland 1939, writ dism'd).

If we are to accept appellant's contention that the holding in *Brannam v. Texas Employers' Ins. Ass'n., supra*, is controlling, we must first concede that the agreement in question was (1) a completed agreement, and (2) that it was not void for some reason. We are unable to indulge in appellant's conclusions for the following reasons.

A compromise is a contract, and its construction is governed by the legal principles applicable to contracts generally. 15A Am.Jur.2d, Compromise and Settlement, § 23, p. 795 (1976). The trial court in this case elected to treat this instrument not as a completed agreement but as an *offer* of compromise and under the facts before us we cannot say the trial court erred in so doing. The instant agreement was repudiated by the appellant, and the agreement never ripened into an accord and satisfaction that could have been set up by either side. It never proceeded so far as to assume a character different than that of a mere negotiation, which was broken off before it could be brought to a conclusion.

Since the repudiation by appellant occurred at a time when the agreement had not yet assumed the character of completeness and of validity, the agreement could never achieve any greater status than that of an offer with evidence of a willingness on the part of appellant to accept. In any event, appellant, having chosen to repudiate the agreement rather than seek its culmination, is in no position to complain of appel-

lee's opposition to it as a completed agreement, and as an admission against interest. Clearly appellant would not have had a cause of action against appellee to enforce the agreement where she had already repudiated her part of the agreement. *Ferguson v. Sanders*, 176 S.W. 782 (Tex.Civ.App.—Amarillo 1915, no writ). We see no reason why appellant should retain the evidentiary benefits of the admission where she has caused the abortion of the agreement.

■ Even assuming this was a completed agreement, in order for the agreement to be fully binding it is generally necessary that the parties have the capacity and authority to contract with reference to the subject matter of the compromise. And if the validity of the compromise depends upon the performance of statutory requisites or conditions precedent, compliance must first be had with the conditions since a compromise agreement alone cannot validate that which was legally invalid. *Rich v. Walker Smith Co.*, 57 S.W.2d 1098 (Tex. Com.App.1933, holding approved).

■ The case at bar was already a matter of judicial controversy when the "agreed compromise settlement" was executed by the parties on January 10, 1980. The parties, with the exception of the minor child, were all before the court with legal representatives and were subject to rules governing civil suits, including Tex.R.Civ.P. 11.[2] The record does not disclose any attempt by the parties to comply fully with the requisites of the rule giving the agreement enforceability by filing the document with the papers of the record or by entering it of record in open court. The agreement could not, in the absence of compliance with Rule 11, assume the posture of a "completed agreement" so as to remove it from the exclusionary rule touching offers of compromises.[3] *See McIntyre v. McFarland*, 529 S.W.2d 857 (Tex.Civ.App.—Tyler 1975, no writ).

There is yet another reason why the instant "agreed compromise settlement" cannot pass muster under the test announced in *Brannam v. Texas Employers' Ins. Ass'n., supra*. In addition to not being a completed enforceable agreement, we believe that to rely on this aborted settlement by allowing it in evidence would dilute the command of Tex.Fam.Code Ann. § 13.07 (Vernon Supp. 1982), which provides that the child shall be represented in the settlement agreement by a guardian ad litem appointed by the court, and that the court must approve any settlement agreement, dismissal or nonsuit.

■ This suit was brought pursuant to Chapter 13 of the Texas Family Code. At the time appellant and appellee entered into the "agreed compromise settlement" no guardian ad litem had been appointed by the court. We hold that the failure to meet the requirements of this statute destroyed any evidentiary value of the settlement agreement and rendered it inadmissible as evidence in the trial court.[4] Appellant has failed to convince us that the agreement was a completed agreement and that it was not void.

The trial court's action was also justified under the rationale and policy considerations giving rise to the general rule prohibiting offers or acceptances of compromises in evidence. A compromise agreement has been defined as an instrument that is executed as a result of mutual concessions, or the yielding of opposing contentions, in order to settle differences and avoid litiga-

---

**2.** Rule 11 reads:

No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers of the record, or unless it be made in open court and entered of record.

**3.** We believe that in the absence of compliance with the rule, the agreement cannot be complete so as to render it enforceable or as evidence of an admission against interest. The same policy considerations for excluding the purported complete agreement in a suit to enforce the agreement should serve as well to exclude it as evidence of an admission against interest. *Cf. Sternberger v. United States*, 401 F.2d 1012 (Ct.Cl.1968).

**4.** Under the reasoning in *Brannam v. Texas Employers' Ins. Ass'n., supra*, the "agreed compromise settlement" would be rendered void and wholly ineffective unless and until joined in by the child through the vehicle of a court appointed guardian ad litem and after approval by the court.

tion. *Alexander v. Handley*, 123 S.W.2d 379 (Tex.Civ.App.—Dallas 1938), aff'd 136 Tex. 110, 146 S.W.2d 740 (1941). To permit the introduction of such agreements would tend to discourage the compromising of suits, and for this reason is against the policy of the law. It was clear that appellee sought to buy his peace by entering into this agreement. It cannot now be repudiated by appellant and entered into evidence against appellee.[5]

■ The rationale of admissibility, whether of an offer or an agreement, is that the act is an admission by the party against his interest. *See Zeigel v. Magee*, 176 S.W. 631 (Tex.Civ.App.—San Antonio 1915, writ ref'd). The appellee in this case conditionally agreed, "as a compromise," that he was the father of the child *if* the mother agreed to waive support. The statement was not an admission of an independent fact but a conditional, tentative or hypothetical statement which indicated that it was made in confidence that a compromise would be effected. *See Leija v. American Automobile Ins. Co.*, 242 S.W.2d 814 (Tex.Civ.App.—San Antonio 1951, writ dism'd). At the time appellant sought to offer the "agreed compromise settlement" in evidence against appellee, appellant was not willing to abide by the terms of the agreement, although appellee indicated his continued willingness. It would be plainly unfair to appellee to allow this "settlement agreement" to be entered into evidence over his objection. Since this agreement specifically stated that appellee would admit to paternity only "as a compromise," this agreement was not in the nature of an admission by appellee, it being made without prejudice. Thus, not having any evidentiary value as an admission, the trial court properly refused to admit the instrument under that contention.[6]

■ In appellant's third point of error, she asserts that the statement was admissible because it was inconsistent with the position taken by appellee during trial. This contention is also without merit. There is nothing in the agreement which is inconsistent with the position taken by appellee during trial. Appellee acknowledged that he *could* be the biological father of the child, but he qualified the acknowledgment with the statement that numerous others could also be the father of the child by virtue of access to appellant during the alleged period of conception.

Since we have held this "settlement agreement" to be inadmissible as an effort to compromise, it cannot be admitted on the grounds that it was an admission against interest nor as a statement inconsistent with the position taken during trial. Therefore, all of appellant's points of error are overruled.

The judgment is affirmed.

---

5. Generally, a party may not claim the benefit of a compromise and settlement and also sue on the original claim. *See Ellis v. Mills*, 28 Tex. 584 (1866); *Groves v. Sawyer*, 384 S.W.2d 193 (Tex.Civ.App.—Eastland 1964, writ ref'd n.r.e.); *Leff v. Adams*, 289 S.W. 102 (Tex.Civ.App.—El Paso 1926, no writ).

6. The general rule of evidence prohibiting the introduction of an offer of compromise as an admission of liability applies in bastardy proceedings. 10 AM.JUR.2d, BASTARDS § 112, p. 924 (1963).