Watson v Bradsher 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-225-CV





SHELBY WATSON,



 APPELLANT


vs.





JACK BRADSHER,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 92-15144, HONORABLE JOSEPH H. HART, JUDGE PRESIDING



 



 This dispute arises out of a settlement agreement reached by the parties in order
to resolve a prior suit filed by Shelby Watson against Jack Bradsher. Bradsher, appellee, brought
this suit for injunctive relief and specific enforcement of the settlement agreement, arguing that
Watson refused to honor its terms. Watson, appellant, counter-sued for declaratory relief,
claiming that Bradsher defaulted on the agreement. The trial court granted the injunctive relief
for Bradsher and denied all relief to Watson.



BACKGROUND


 In a prior suit in 1990, Watson sought repayment from Bradsher for several
personal loans totalling $34,000. On June 8, 1992, before trial, the parties entered into a written
settlement agreement. See Tex. R. Civ. P. 11. The agreement provided that Bradsher would
execute a note payable to Watson with a deed of trust and listed the terms to be included in these
documents. The final paragraph of the agreement provided for an agreed judgment to be entered
against Bradsher, but not abstracted or recorded unless Bradsher defaulted on the agreement or
the note and deed of trust to be executed. The final sentence of that paragraph provided that
Watson would prepare the settlement documents.

 The trial court signed the agreed judgment on July 29, 1992. On August 12, 1992,
Watson's attorney delivered to Bradsher's attorney a proposed note and deed of trust. The
documents drafted by Watson did not conform to the terms of the settlement chiefly because they
did not include a subordination clause for refinancing of one of the tracts of land to secure the note
and did not include a sixty-day cure period for default. The only communication between the
parties about the defects in the documents was with respect to a typographical error that made the
maturity date "1992" instead of "1997."

 On September 2, 1992, less than a month after the proposed documents were
delivered and before the note and deed of trust were executed, Watson secured issuance of a writ
of execution on the agreed judgment. On September 15, Bradsher was served with the writ of
execution, and the constable levied on the real property that was to secure the deed of trust. On
October 23, 1992, Bradsher's attorney tendered a check for four monthly payments for July
through October, accompanied by a new note and deed of trust that Bradsher had drafted and
executed. Watson refused to accept these documents.

 Bradsher brought suit for injunctive relief from the execution and for specific
performance of the settlement agreement. He claimed that he had no obligation to make payments
until he was presented with a note and deed of trust conforming to the terms of the settlement
agreement. Bradsher also sought attorney's fees and costs in connection with the suit. Watson
counter-claimed for a judgment declaring that Bradsher was in default of the settlement agreement.

 The court permanently enjoined Watson from executing the prior judgment absent
Bradsher's default on the note or deed of trust executed by Bradsher on October 23, 1992. The
court awarded Bradsher court costs but denied him attorney's fees. The court filed findings of
fact and conclusions of law holding in part that Bradsher had not defaulted in his obligations under
the settlement agreement and that no basis existed for Watson to execute under the prior judgment.



 DISCUSSION


 Watson appeals the issuance of a permanent injunction. Injunctive relief is proper
when the applicant shows an imminent and irreparable injury, the absence of an adequate remedy
at law, and a wrongful act. Hues v. Warren Petroleum Co., 814 S.W.2d 526, 529 (Tex.
App.--Houston [14th Dist.] 1991, writ denied). In Watson's first four points of error, he argues
that he was entitled to execute on the prior judgment under the terms of the settlement agreement
because Bradsher failed to make timely payments and failed to timely execute the note and deed
of trust. He therefore challenges the following conclusions of law made by the trial court: (1)
Bradsher's covenant to make note payments was dependent upon Watson's covenant to prepare
and deliver the note and deed of trust which conformed with the provisions of the settlement
agreement; (2) Bradsher was not in default of his obligation to execute a note and deed of trust;
and (3) Bradsher was not in default of his obligation to make payments under the note anticipated
by the settlement agreement.

 Conclusions of law are always reviewable. Middleton v. Kawasaki, 687 S.W.2d
42, 44 (Tex. App.--Houston [14th Dist.] 1985, writ ref'd n.r.e). Incorrect conclusions of law will
not require reversal, however, if the controlling findings of fact will support a correct legal
theory. Valencia v. Garza, 765 S.W.2d 893, 898 (Tex. App.--San Antonio 1989, no writ) (citing
Benavides v. Warren, 674 S.W.2d 353, 362 (Tex. App.--San Antonio 1984, writ ref'd n.r.e.)).

 A settlement agreement is a contract, and its construction is governed by the legal
principles applicable to contracts generally. In re J.T.H., 630 S.W.2d 473, 476 (Tex. App.--San
Antonio 1982, no writ). The pertinent provisions of the settlement agreement provide:



This agreement is between counsel, and will be filed today with the clerk of the
court. The parties agree that Jack Bradsher shall execute the real estate lien note
and deed of trust in the standard forms and with these terms:


 1. Payable to Shelby E. Watson

 2. In the amount of $37,000


 * * *


 5. Monthly payments of interest only beginning July 1, 1992.


 * * *


 7. Note due in 5 years, when all principal and interest due.


 * * *


 9. Note secured by liens on two tracts of property, as previously described in
note prepared by this office; and further secured by a deed of trust.


10. Payee agrees to subordinate to a refinancing of first lien on tract one.


 * * *


12. Judgment for full amount of note balance and $8,000.00 additional attorney
fees to be entered into by both parties, and signed by the court, but not
abstracted or recorded, unless Bradsher defaults on note or deed of trust or
this agreement, and does not cure within 60 days. This does not affect the
terms of the note or deed of trust with relation to default: only the collection
of the judgment. The judgment will be released and paid in full upon timely
payment of all amounts due under the note. Please sign below to
acknowledge your agreement, and we will file this with the court and prepare
the settlement documents. 



(emphasis added). Whether Watson acted wrongfully in executing on the judgment turns upon
the meaning of the twelfth paragraph of the agreement. That paragraph allows Watson to execute
on the judgment against Bradsher if Bradsher defaults under the note, deed of trust, or the
settlement agreement itself. (1) Because the note and deed of trust were never signed, Watson could
only execute on the judgment if Bradsher defaulted on the terms of the settlement agreement itself
and did not cure within sixty days. If Bradsher did not default under the agreement, then the trial
court properly granted the permanent injunction.

 The agreement does not specify what constitutes a default under the agreement. 
The trial court concluded that the settlement agreement was ambiguous; we agree. A contract is
ambiguous when its meaning is uncertain and doubtful or it is reasonably susceptible to more than
one meaning. Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). Whether a contract is
ambiguous is a question of law. Id. at 394. In this case, the agreement is unclear as to when
Bradsher must execute the note and deed of trust and whether he must make payments before the
documents are ever executed. 

 Watson argues that the settlement agreement required Bradsher to timely execute
a note and make monthly payments of interest by July 1, 1992, the date set out in paragraph five
of the agreement. Watson contends that because Bradsher did not both execute the documents and
make payment by August 28, 1992, the date he views as the last day of the sixty-day cure period,
Bradsher defaulted under the agreement. Bradsher, on the other hand, believes that he did not
have to make any monthly interest payments until the note and deed of trust were executed. He
further contends that he could only default under the agreement by refusing to sign a note and
deed of trust which conformed to the terms of the settlement agreement, and that Watson had the
duty to properly present such conforming documents. He reasons that his obligation to execute
the documents was a dependent covenant, dependent upon Watson's duty to prepare conforming
documents. Because the documents presented to Bradsher did not conform to the settlement
agreement, Bradsher contends that he did not default in waiting for Watson to present proper
settlement documents.

 If a court decides that a contract is ambiguous, the interpretation of the contract
presents a fact issue. Coker, 650 S.W.2d at 394; Parrish v. Parrish, 814 S.W.2d 501, 503 (Tex.
App.--Houston [1st Dist.] 1991, writ denied). In addition, a writing is construed most strictly
against its author and in such manner as to reach a reasonable result consistent with the apparent
intent of the parties. Temple-Eastex Inc. v. Addison Bank, 672 S.W.2d 793, 798 (Tex. 1984). 
Kenneth A. Richey, Watson's attorney, drafted the settlement agreement, and the trial court
construed the agreement accordingly.

 Under the facts of this case, the trial court correctly concluded that Bradsher did
not default in his obligation to execute the settlement documents and to make monthly payments. 
The agreement speaks of the payment date in paragraph five as a term to be included in the note
when executed, rather than making payment mandatory on this date even if the note had not yet
been executed. Similarly, the agreement does not set a deadline by which Watson must execute
the documents. Moreover, paragraph twelve does not explain from what point the sixty-day cure
period begins to run.

 We do not find persuasive Watson's argument that the July 1, 1992, date in the
agreement demonstrates that time "was of the essence," and that Bradsher therefore defaulted by
not executing the documents in a timely fashion. The general rule is that time is not of the
essence in a contract unless the parties expressly make it so, or there is something in the nature
or purpose of the contract and the circumstances surrounding it which make it apparent that the
parties intended for time to be of the essence. Siderius, Inc. v. Wallace Co., 583 S.W.2d 852,
863 (Tex. Civ. App.--Tyler 1979, no writ). No such surrounding circumstances are presented in
this case.

 Under the twelfth paragraph of the agreement, Watson agreed to prepare the
settlement documents for Bradsher. Those documents were not delivered until August 12th, and
the agreed judgment was not filed with the court until July 29th. Neither of these events occurred
until after July 1st, the crucial date that Watson relies upon as demonstrating that time was of the
essence.

 Watson secured a writ of execution on the judgment on September 2, 1992, only
two months after July 1, 1992, and less than one month after Watson delivered the settlement
documents. It would be harsh to construe Bradsher's failure to execute the note and deed of trust
by July 1st as a default under the agreement, especially when Watson agreed to tender the
settlement documents for Bradsher to sign. The record reveals that the tendered documents did
not conform to the terms of the agreement; the trial court found that the documents did not
provide for a subordination clause for the lien of tract one, as required in paragraph ten of the
agreement, or provide for a sixty-day cure period as required in paragraph twelve. In addition,
the maturity date was incorrect, and the documents included a late penalty fee not mentioned in
the settlement agreement.

 While Bradsher easily could have remedied these changes, we do not believe his
failure to do so by September 2nd constituted a default under the agreement. Courts will not
declare a forfeiture unless they are compelled to do so by language which can be construed in no
other way. Reilly v. Rangers Management, Inc., 727 S.W.2d 527, 530 (Tex. 1987) (citing
Automobile Ins. Co. v. Teague, 37 S.W.2d 151, 153 (Tex. Comm'n App. 1931, judgmt.
adopted)). Because the language of the agreement imposes upon Watson the obligation to prepare
the documents, the trial court was not compelled to find that Bradsher defaulted. Moreover,
Bradsher executed a conforming note and deed of trust on October 23rd, but Watson refused to
accept them. 

 Proper communication between the parties could have resolved the confusion about
the conformity of the documents. Had both parties diligently carried out the terms of the
settlement agreement, the drafting errors could have been remedied and the documents quickly
executed. The question before this court, however, is whether Bradsher had defaulted under the
settlement agreement thereby triggering Watson's right to execute on the judgment. The trial
court correctly concluded that Bradsher did not default under the agreement with respect to
payments or timely execution of the note and deed of trust. The court's findings of fact supported
these conclusions by finding that Watson drafted the agreement and by outlining the chronological
sequence of events between the parties, from securing the writ of execution up to Bradsher's
tender of executed documents which Watson refused. The court also made a specific finding that
the documents did not conform to the agreement, and made a conclusion of law that the agreement
was ambiguous. We overrule points of error two through four.

 We note that it is not necessary to find that Bradsher's obligation to execute the
documents was a covenant dependent upon Watson's covenant to provide conforming documents. 
All the trial court needed to conclude was that Bradsher had not defaulted under the settlement
agreement. In any case, when in doubt a court will presume that promises are dependent rather
than independent, since such construction ordinarily prevents one party from having the benefit
of his contract without performing his own obligation. D.E.W., Inc. v. Depco Forms, Inc., 827
S.W.2d 379, 382 (Tex. App.--San Antonio 1992, no writ) (citing Nutt v. Members Mut. Ins. Co.,
474 S.W.2d 575, 577-78 (Tex. Civ. App.--Dallas 1971, writ ref'd n.r.e.)); Price v. Appalachian
Resources Co., 496 S.W.2d 136, 139 (Tex. Civ. App.--Tyler 1973, no writ). Because the
agreement must be construed strictly against Watson, the trial court did not err in concluding that
the obligation to execute conforming settlement documents was a dependent one. We overrule
Watson's first point of error. As explained in footnote one, we overrule the fifth point of error
and hold that paragraph twelve prohibits execution as well as abstracting and recording of the
judgment.

 In one cross-point, Bradsher challenges the trial court's denial of attorney's fees
associated with his prosecution of this case. The trial court concluded as a matter of law that
attorney's fees associated with Bradsher's prosecution of this cause were not deemed reasonable
and necessary due to his counsel's lack of diligence, before October 23, 1992, in seeking
corrections to the note and deed of trust. The allowance of attorney's fees is vested in the sound
discretion of the trial court and its judgment will not be reversed unless the court clearly abused
that discretion. Patterson v. Patterson, 679 S.W.2d 621, 627 (Tex. App.--San Antonio 1984, no
writ). Having reviewed the record, we hold that the trial court did not abuse its discretion in
denying attorney's fees. The evidence showed that Bradsher's counsel failed to make diligent
efforts to communicate the errors in the settlement documents, and had he done so, further
litigation could have been avoided. Bradsher's cross-point is overruled.

 In conclusion, we overrule Watson's points of error and Bradsher's cross-point and
affirm the judgment.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: January 26, 1994

Do Not Publish 

1.   Watson argues in his fifth point of error that paragraph twelve prohibits only
abstracting and recording of the judgment absent a default, but does not prohibit
execution. This construction would render paragraph twelve and the entire agreement
meaningless because it would allow Watson to execute at any time. A construction of a
writing which renders a clause meaningless is unreasonable and not preferred by the
courts. Praeger v. Wilson, 721 S.W.2d 597, 601 (Tex. App.--Fort Worth 1986, writ ref'd
n.r.e). Moreover, Watson's counsel, Kenneth Richey, who drafted the agreement, agreed at
trial that the judgment was not to be executed upon until sixty days had expired from a default
under the agreement or under the note or deed of trust. We overrule Watson's fifth point of
error.