**The STATE of Texas, et al., Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, INC., Appellee.**

**No. 13709.**

Court of Appeals of Texas, Austin.

June 15, 1983.

Rehearing Denied July 20, 1983.

Mark White, Atty. Gen., Catherine Fryer, Asst. Atty. Gen., Austin, for appellants.

R. James George, Jr., Graves, Dougherty, Hearon & Moody, Austin, for appellee.

Before PHILLIPS, C.J., and SHANNON and POWERS, JJ.

POWERS, Justice.

The State of Texas and the State Board of Insurance (the "Board") appeal a trial court judgment in the sum of $5,243,248.20, a sum awarded to Allstate Insurance Company in its suit to recover taxes paid by the company in 1973 and 1974 under the provisions of Tex.Rev.Civ.Stat.Ann. art. 7064 (1960), transferred as amended, effective January 1, 1982, to Tex.Ins.Code Ann. art. 4.10 (1981). Allstate is a corporation organized and existing under the laws of the State of Illinois and possessing a certificate of authority to transact its insurance business in the State of Texas.

Article 7064 required that insurers subject to its provisions

report to the Board of Insurance Commissioners the gross amount of premiums received upon property located in this State or on risks located in this State during the preceding year, and each of such insurance carriers shall pay an annual tax upon such gross premium receipts of 3.85%.

An insurance carrier's liability under the statute could be reduced according to the ratio that the amount of its investments in "Texas securities" bore to the amount of its total investments in similar securities in the State in which the carrier had invested the highest percentage of its admitted assets. That State was Delaware in the case of Allstate.

The trial court judgment rests upon certain findings of fact and conclusions of law filed by that court. The trial court's findings of fact are to the effect that (1) Allstate overpaid its taxes for the two years in question in a total sum of $5,243,248.20; (2) Allstate did so because the company followed certain erroneous instructions contained in the tax form promulgated by the Commissioner of Insurance; (3) if Allstate had not been required to follow those instructions, it would not have overpaid its taxes for the two years; and (4) Allstate's overpayment resulted from "duress" based upon a fear that the Board and the Commissioner of Insurance might implement against Allstate their "standard policy" of terminating a carrier's right to do business in the State of Texas if they did not conform to the interpretation assigned to the applicable tax statutes by the Board and the Commissioner—an interpretation which produced the overpayment.

In its conclusions of law, the trial court determined that Allstate was entitled to recover the sum of $5,243,248.20 on the ground that such sum was paid under "duress," but not entitled to recover either pre-judgment or post-judgment interest under the terms of the legislative resolution by which Allstate received permission to sue for the principal sum. That resolution provides as follows:

RESOLVED, That permission to sue as granted by this resolution is limited to a claim for the amount overpaid, and does not include permission to sue for interest.

Appellants' contend the trial court erred in its finding that Allstate's overpayment resulted from an erroneous official instruction contained in the tax forms, coupled with "duress" occasioned by a threatened

revocation of its certificate of authority to do business in the State; and, conversely, that the court erred in failing to find that the overpayment resulted from Allstate's voluntary action, taken as a result of mutual mistake on the part of Allstate and the officials charged to administer and collect the tax.

■ We overrule appellants' contentions that the taxes were not paid under "duress." We do so for the reasons set forth in *Lincoln National Life Ins. Co. v. State,* 632 S.W.2d 227 (Tex.App.1982, writ ref'd n.r.e.), a decision which appellants concede to be controlling even though involving a similar tax levied under a different statute. *See also Metropolitan Life Ins. Co. v. Mann,* 140 Tex. 450, 168 S.W.2d 212 (1943); *State v. Connecticut General Life Ins. Co.,* 382 S.W.2d 745 (Tex.1964).

■ We also overrule appellants' contentions that the trial court erred in failing to find that the taxes in question were voluntarily paid by Allstate under a mutual mistake. The trial court's finding of "duress" negates such a theory in principle and the record contains adequate evidence to support the existence of duress arising from the threat of adverse official sanctions that could have included a revocation of the carrier's authority to transact business in the State of Texas were Allstate to have challenged the official interpretation placed upon the provisions of art. 7064. Moreover, we find nothing in the evidence which would support a trial court finding that the taxes were paid "voluntarily." Finally, such matters were not pleaded by appellants in the trial court and mutual mistake is a matter in confession and avoidance. Tex.R.Civ.P.Ann. 94 (1979); *Durham v. Uvalde Rock Asphalt Company,* 599 S.W.2d 866, 869 (Tex.Civ.App.1980, no writ).

By cross-point, Allstate contends the trial court erred in denying its claim for post-judgment interest. Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 (Supp.1982); *Franklin Bros. v. Standard Mfg. Co.,* 78 S.W.2d 294 (Tex. Civ.App.1935), writ dism'd, 131 Tex. 63, 112 S.W.2d 1035 (1938) (recovery of interest allowed where legislative resolution authorized the plaintiff to sue the State to determine its liability "in an amount not to exceed $1,861.20"). Appellants reply that the legislative resolution made it a condition of the sovereign's permission to sue that no claim be made for pre-judgment interest or post-judgment interest; or, alternatively, that the scope of the permission granted did not include permission to sue for such sums. *State v. El Paso Natural Gas Co.,* 300 S.W.2d 170 (Tex.Civ.App.1957, no writ) (recovery of interest denied where the legislative resolution provided "that no interest shall be paid El Paso Natural Gas Company in the event a final judgment is obtained by it for recovery of taxes paid").

■ Article 5069–1.05 provides unequivocally that "[a]ll judgments of the courts of this State shall bear interest at the rate of nine percent per annum from and after the date of the judgment. . . ." May the legislative resolution which authorized the present suit be interpreted as intending a suspension of the force and effect of art. 5069–1.05? It may not. The Legislature has the undoubted power to suspend the laws under Tex.Const.Ann. art. I, § 28 (1955), but to do so it must effect a general suspension, that is, it may not suspend a statute for an individual case. *McDonald v. Denton,* 63 Tex.Civ.App. 421, 132 S.W. 823, 824–25 (1910) writ ref'd, 104 Tex. 206, 135 S.W. 1148 (1911). It is true that this Court in *El Paso Natural Gas, supra,* denied the recovery of post-judgment interest by virtue of the legislative resolution quoted in the preceding paragraph, despite the existence of a statute (art. 5072) providing that all judgments shall bear interest. This Court rejected the arguments that the denial of post-judgment interest "permits a statute . . . to be repealed by Legislative resolution" and "overrides established public policy." This Court stated that the resolution in *El Paso Natural Gas* did not reflect

> any attempt to repeal or modify Art. 5072. We view the restriction placed on the recovery of interest purely as a condition upon which the Legislature granted leave to sue the State. This power of

**48**

withholding or granting leave to sue carries with it the power to prescribe the terms upon which the suit may be brought.

However, any conditions imposed by the Legislature may not violate the Constitution. In *El Paso Natural Gas* this Court did not address the constitutionality of the resolution in light of art. I, § 28. We are unable to reconcile the Legislature's resolution in the present case with art. I, § 28, if the resolution be interpreted as denying the right to post-judgment interest which art. 5069–1.05 implies. We interpret the resolution as denying any common-law right to pre-judgment interest, a condition the Legislature was free to impose without violating art. I, § 28. We therefore hold that the legislative resolution was not intended to suspend the provisions of art. 5069–1.05 and sustain Allstate's cross-point that it is entitled to post-judgment interest under that statute.

The date of the trial court judgment is March 22, 1982. We here render judgment that Allstate shall have and recover interest on its judgment from that date until paid at the annual rate of nine percent. The trial court judgment is therefore reformed to award such interest, and as reformed, the judgment is affirmed.