Miguel **HERNANDEZ** & Antonio Hernandez, d/b/a Bocaccio 2000, Appellants,

v.

Ramon **TELLES**, Appellee.

No. 08–82–00320–CV.

Court of Appeals of Texas, El Paso.

Dec. 14, 1983.

Lawrence Douglas Durnford, El Paso, for appellants.

Miguel A. Alvarez, Scott Segall, El Paso, for appellee.

Before PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

WARD, Justice.

The Plaintiffs Miguel and Antonio Hernandez filed this suit against the Defendant Ramon Telles under the provisions of the Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Com.Code Ann. sec. 17.41, et seq. (Vernon Supp.1982), alleging they had been damaged by their purchase of a defective mechanical bucking bull. Trial was to a jury which answered the Plaintiffs' issues generally in favor of the Plaintiffs. However, the jury also answered issues which submitted the Defendant's theory that the dispute had been previously compromised and settled in favor of the Defendant. Based on the latter findings, a take nothing judgment was entered against the Plaintiffs who now bring this appeal. We affirm.

On February 18, 1981, the parties entered into a written agreement by which the Defendant agreed to sell to the Plaintiffs the bucking mechanical bull for the total price of $5,250.00, the terms being the sum of $1,000.00 cash paid to the Defendant on the date of the contract, $1,500.00 to be paid on the date of delivery and the balance by a series of IOUs. The bull was delivered to the Plaintiffs in El Paso about the first of March and the $1,500.00 was paid to the Defendant. Plaintiffs then took the device to their place of entertainment in Juarez, Mexico, and it immediately started breaking down. This occurred on three or four occasions. According to the Defendant, one of the Plaintiffs then came to the Defendant in El Paso some time in March, and a new agreement was entered into whereby the parties agreed to rescind the sale. The sum of $1,000.00 in cash was immediately repaid to the Plaintiffs as well as $500.00 of the IOUs. Defendant agreed that when the Plaintiffs delivered the bull back to him in El Paso he would give the Plaintiffs the balance of their cash and notes that they had paid on the contract. The Plaintiffs thereafter never returned the bucking bull, although the defendant was ready, able and willing to return the balance of the purchase price upon the return of the bull.

On June 26, a letter termed a Deceptive Trade Practices Act Notice was mailed to the Defendant by the Plaintiffs' attorney. By it, demands were made for the balance of the purchase price, the cost of certain repairs made to the machine, losses of business suffered by the Plaintiffs and attorney's fees. Thereafter the suit was filed and the trial resulted. At the trial, the jury returned issues in favor of the Plaintiffs regarding two Deceptive Trade Practices Acts and breaches of express and implied warranties. In addition, they found that the Plaintiffs had suffered $4,400.00 in actual damages and $4,700.00 in lost profits. No attack by the Defendant is made on this appeal as to these findings.

The findings that are the subject of this appeal are those regarding Special Issue Nos. 27, 28 and 29. The jury determined by No. 27 that the Plaintiffs and Defendant

entered into an agreement for the return of the mechanical bull to El Paso and the refund of the purchase monies, by No. 28 that the Plaintiffs after that agreement refused to return the said mechanical bull, and by No. 29 that the Defendant stood ready, able and willing to refund said monies upon return of the mechanical bull. On the basis of these answers, the court entered the take nothing judgment.

The Plaintiffs' first point of error alleges that they are entitled to judgment as a matter of law based upon the favorable jury findings on their cause of action and award of damages. Under the point, they further argue that as a matter of law Special Issue Nos. 27, 28 and 29 were either improperly submitted or were immaterial to the verdict as a matter of law. The Plaintiffs' position is that the statutory cause of action created by the Deceptive Trade Practices Act can only be defended against by the statutory defenses specifically enumerated in the Act. Section 17.50B(d) provides a defense to any cause of action under Section 17.50 if the Defendant proves: (1) that he received statutory notice of the claim, (2) that within thirty days of the date of said notice he, (3) tendered to the consumer the amount of actual damages claimed and expenses reasonably incurred in asserting the claim. The Plaintiffs argue that there is no evidence to prove that the defendant ever complied with the Act.

Regardless of the statute, the issues in question submitted the Defendant's theory that there was a compromise and settlement of the cause of action between the parties in March, 1981. A disputed or unliquidated claim is the basis for a compromise. The law has always favored the resolution of controversies through compromise and settlement rather than through litigation and it has always been the policy of the law to uphold and enforce such contracts if they are fairly made and are not in contravention of some law or public policy. 15A Am.Jur.2d, Compromise and Settlement, secs. 2 and 5 (1976). We hold that even the strong policy of the statute to protect consumers against false, misleading and deceptive business practices, which is the foundation of the Deceptive Trade Practices Act, does not overrule the stronger policy of the law favoring settlements of disputes. A compromise and settlement agreement is subject to the general principles of the law of contracts. An enforceable agreement of compromise requires an offer of compromise, a meeting of minds of the parties and an unconditional acceptance within the time and on the terms offered. It is essential that the amount of the claim be disputed. 12 Tex.Jur.3d, Compromise and Settlement, sec. 4 (1981). All of the recited elements were met according to the testimony of the Defendant, and the special issues in question together with any necessary implied findings by the court resolved the dispute in the Defendant's favor. The original contract of sale was replaced by the new agreement made by the compromise and settlement. It was the Plaintiffs who breached the new agreement and they should not be in a position to profit by their breach. The first point is overruled.

The Plaintiffs' second point of error is that the trial court erred in overruling their objections to the submission of Special Issue Nos. 27, 28 and 29, as they were not controlling issues on any theory of defense and had no effect upon the liability issues in the case. As previously discussed, we disagree with this contention. Also under this point, the Plaintiffs argue that there was no evidence or insufficient evidence to support the submission. We have considered only the evidence and inferences therefrom which support the jury's findings and the no evidence argument is overruled. Having considered all of the evidence, the factual insufficiency argument is likewise overruled.

Also under the point, the Plaintiffs complain because the pleadings supporting these defensive issues were not filed within seven days of trial without leave of court. It appears this pleading was filed as a trial amendment and no objection appears in the record to the filing of this pleading or to the evidence supporting it. The objection now made on appeal as to the late filing of the answer is untimely and the objection has been waived. The second point of error is overruled.

The judgment of the trial court is affirmed.