Richard BOLLING, Appellant,

v.

TEXAS ANIMAL HEALTH
COMMISSION, Appellee.

No. 13–86–013–CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 18, 1986.

Rehearing Denied Oct. 30, 1986.

Karen Meinardus, El Campo, Ray Goldstein, Douglas M. Becker, Gray & Becker, Austin, for appellant.

Molly D. Shannon, Asst. Atty. Gen., Austin, for appellee.

Before NYE, C.J. and KENNEDY and SEERDEN, JJ.

OPINION

NYE, Chief Justice.

The Texas Animal Health Commission (TAHC) sought an injunction to tag and brand the cattle belonging to appellant Richard Bolling that had been exposed to Brucellosis. The trial court granted

TAHC's motion for summary judgment. The court ordered Bolling to have his reactor cattle "tagged, 'B' branded, and moved for immediate slaughter to a slaughtering establishment where Federal or State meat inspection is maintained...." Bolling appeals complaining that "[t]he trial court reversibly erred by granting plaintiff summary judgment which precluded defendant from litigating genuine issues as to material facts relating to defendant's defenses and counterclaims that the Brucellosis control program is unconstitutional." We affirm the judgment of the trial court.

Bolling's exposed cattle are commonly referred to as "reactor cattle." Brucellosis, also known as contagious abortion, is a feverous disease acquired through direct contact with infected animals or animal products, or from the consumption of milk, dairy products, or meat from infected animals.

Bolling's answer to TAHC's petition claimed TAHC lacked authority to bring this action under TEX.AGRIC.CODE ANN. § 161.131 (Vernon 1982) because: (1) it is not a citizen; (2) the statute is unconstitutional because less burdensome alternatives are available to the commission; (3) Chapter 163 of the Agriculture Code is unconstitutional as there is no rational relation between TAHC's procedures and the eradication of Brucellosis; and (4) Chapter 163 is defective on due process grounds because it results in a taking of property without compensation. Bolling's defenses and counterclaims were identical. Bolling also sought an injunction to prevent TAHC's slaughter of the animals and damages for cattle the commission destroyed. This was denied by the trial court.

██ "The mere filing of a cross-action will not, in and of itself, prevent the trial court from granting a summary judgment on all or part of the case." *C.S.R., Inc. v. Mobile Crane Inc.*, 671 S.W.2d 638, 643 (Tex.App.—Corpus Christi 1984, no writ); *see Youngblood v. Central Soya Co.*, 522 S.W.2d 277, 280 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.). A summary judgment which does not dispose of all the issues in the pending suit is interlocutory and not appealable unless there is a severance. *Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex.1984). Here, the summary judgment disposed of all the issues involved. Although Bolling brought a counterclaim, the sole issue involves the constitutionality of Chapter 163 of the Agriculture Code. It is axiomatic that a trial court may grant a summary judgment in favor of movant when the evidence offered in support of the motion establishes the movant's right to judgment as a matter of law.

Bolling admitted, in response to TAHC's request for admissions, that he possessed reactor cattle and refused to allow TAHC to brand them. Bolling does not dispute that the TAHC testing indicated that he owned reactor cattle. Bolling states in his brief, "Defendant (TAHC) did not cooperate with Plaintiff in order that his constitutional issues could be raised in a court of law." Bolling complains of the summary judgment because of the following issues: 1) "the constitutional issues of reasonable exercise of police power"; 2) "taking without compensation"; and 3) "rational basis." There is no summary judgment evidence which raises a material issue of fact. *Cf. United States v. Coastal States Crude Gathering Co.*, 643 F.2d 1125, 1127 (5th Cir.1981) (summary judgment granted despite a due process attack of the Federal Water Pollution Control Act).

██ The San Antonio Court of Appeals in 1971 determined that similar testing done by TAHC was reasonably reliable and accurate, and that the program has been effective in the control and eradication of Brucellosis. *Nunley v. Texas Animal Health Commission*, 471 S.W.2d 144, 148 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.). An economic regulation must only have some rational relationship to a legitimate state interest. *Exxon Corp. v. Governor of Maryland*, 437 U.S. 117, 124, 98 S.Ct. 2207, 2213, 57 L.Ed.2d 91 (1978). The testing and slaughtering of cattle exposed to Brucellosis bears a rational relationship to prevention and the spread of the disease. Bolling argues more accurate

testing is available to detect cattle actually infected with Brucellosis. The mere fact that a certain regulation is not the best possible regulation, or that the regulation can be improved, is not justification for a court to invalidate the regulation. *See Ferguson v. Skrupa,* 372 U.S. 726, 731–32, 83 S.Ct. 1028, 1031–32, 10 L.Ed.2d 93 (1963); *Atkins v. Clements,* 529 F.Supp. 735, 744–45 (N.D.Tex.1981). Courts should not sit as "super legislatures," reviewing the wisdom of legislative measures that come before it.

█ It is true that Bolling may receive less for his cattle when slaughtered than if they were raised and sold as breeding stock. Yet, despite the fact that Brucellosis control deprives the owner of his most beneficial use of the cattle, it is not, as such, an unconstitutional "taking." The program is a valid exercise of the State's police power. *Andrus v. Allard,* 444 U.S. 51, 65–66, 100 S.Ct. 318, 326–27, 62 L.Ed.2d 210 (1979); *Nunley,* 471 S.W.2d at 150.

We overrule appellant's point of error. The judgment of the trial court is affirmed.