TAG RESOURCES, INC., Appellant,

v.

**PETROLEUM WELL SERVICES, INC., Appellee.**

No. 09–89–047 CV.

Court of Appeals of Texas, Beaumont.

June 7, 1990.

J. Michael Black, Elkins & Yount, Houston, for appellant.

Bill Richey, Griffin & Matthes, Beaumont, for appellee.

## OPINION

WALKER, Chief Justice.

This is an appeal from the granting of a summary judgment entered on November 8, 1988, in favor of Petroleum Well Services, Inc., in the 88th Judicial District Court of Hardin County, Texas, the Honorable Earl B. Stover, presiding. Appellant is Tag Resources, Inc. and appellee is Petroleum Well Services, Inc.

Appellee's second amended petition in the trial court sought a judgment against appellant and another defendant (not a party to this appeal) either on an original contract between appellant and appellee, dated April 2, 1986, or on a subsequent agreement between appellant and appellee, which took place immediately prior to August 14, 1986, which was reflected in a letter dated August 14, 1986, from appellant to appellee.

A hearing was held on plaintiff's (appellee herein) motion for interlocutory summary judgment on October 17, 1988. At the hearing, appellee objected to appellant's summary judgment evidence, both orally

and in writing. On November 8, 1988, a final summary judgment was entered in favor of appellee against appellant and appellant has timely and properly brought its appeal to this Court.

Background reveals that on April 2, 1986, appellee entered into a contract with appellant wherein appellee was to provide the drilling equipment and services listed in the contract, and appellant was to pay appellee the rate specified for the equipment and services provided pursuant to the contract.

Prior to August 14, 1986, appellee and appellant reached an agreement concerning the liquidated amount owed by appellant to appellee pursuant to the contract, which amount was agreed to be $64,833.30. Appellant agreed to pay appellee $5,000.00 per month on the first day of each month, plus interest on the remaining balance at the rate of nine percent per annum, beginning September 1, 1986, until the agreed balance was paid in full. This agreement was confirmed by a letter from appellant to appellee dated August 14, 1986. Thereafter, appellant paid $4,486.25 on September 10, 1986, and then paid $456.25 on October 13, 1986 with no payments being made after October 13, 1986.

Subsequently, appellee filed suit and after conducting discovery, filed a motion for interlocutory summary judgment against appellant stating that no genuine issue of material fact exists since appellant admitted liability to appellee by letter dated August 14, 1986 setting out the sum of money appellant owed to appellee. It should be noted that appellant filed a counter-claim against the appellee during the due course of proceedings before the trial court making allegations of deceptive trade practice, credit and off-sets and fraud in the inducement for appellant to enter into the written agreement.

Appellant brings five points of error to this Court which shall be discussed in numerical order.

Appellant's point of error number one contends that the trial court erred in granting appellee's motion for interlocutory summary judgment because the evidence presented with and in response to appellee's motion, in the form of deposition testimony and the sworn affidavit of George Snyder, appellant's representative, clearly raises issues of material fact on whether or not appellant is liable to appellee.

■ To be entitled to interlocutory summary judgment, the movant must conclusively prove all essential elements of his claim. *MMP, LTD. v. Jones*, 710 S.W.2d 59 (Tex.1986). The burden is on a movant to show that there is no genuine issue of material fact and that movant is entitled to judgment as a matter of law. TEX.R. CIV.P. 166a(c).

■ Appellant's argument under its first point of error focuses primarily upon alleged breaches of the original contract. Appellee contends that whether or not appellee performed under the original contract is not an issue which must be resolved to establish appellant's liability to appellee. Appellee further contends that the letter agreement of August 14, 1986 which was before the trial court, admitted to by appellant and in no way controverted by appellant, eliminated any claims or issues which appellant may have raised against appellee for acts of appellee prior to the subsequent agreement. In other words, appellant has no claim for alleged defects in performance by appellee under the original contract because such defects were taken into consideration by appellant prior to entering into the August 14, 1986 agreement. It is clear to us that this is exactly what the trial court did in arriving at its granting of interlocutory summary judgment. The issue before the trial court was the effect of the August 14, 1986 letter and not the original contract, nor any defenses which may have been asserted to that contract. We can find nothing in the record, which was considered by the trial court in rendering its judgment, which raises a fact issue as to the liability of appellant to appellee under the August 14, 1986 letter.

Appellant contends that conflicting statements made by appellant's representative, George Snyder, in deposition testimony and

affidavit, in and of itself constitutes an issue of fact relying upon the case of *Randall v. Dallas Power & Lighting Co.,* 752 S.W.2d 4 (Tex.1988). Our Supreme Court did indeed conclude that since conflicting inferences could be drawn from the two statements, that the movant in that case did not meet its burden of showing that there was no genuine issue as to any material fact. We also would agree with appellant if the original contract were in issue before the trial court. In our case, we find no conflicting inferences regarding appellant's liability to appellee. The conflicting statements made by appellant's representative were neither relevant nor material to appellant's liability on the agreement of August 14, 1986. We hold that neither the affidavit of George Snyder, nor any other alleged summary judgment evidence of appellant, controverted the terms or existence of the subsequent agreement. Appellant's point of error number one is overruled.

Appellant's point of error number two states that the trial court erred in granting appellant's motion for interlocutory summary judgment because the evidence presented with and in response to appellant's motion for interlocutory summary judgment in the form of deposition testimony and sworn affidavit of George Snyder, Tag's representative, clearly raises issues of material fact on what amount, if any, is owed by appellant to appellee. Appellant here argues that the alleged additional off-sets and credits later discovered by appellant created a fact issue as to the balance owed by appellant to appellee. We take the position that even if allegation of subsequently discovered off-sets and credit are true, the existence of these off-sets and credits do not create a fact issue on the liability of appellant to appellee which was created under the agreement between them immediately prior to August 14, 1986. Appellant does not dispute the existence of this subsequent agreement, but only the effect of same.

▮ Appellant apparently bases its point of error number two on Mr. Snyder's alleged mistake as to the balance owed to appellee at the time that the subsequent agreement was made. Mistake and mutual mistake are matters in confession and avoidance which must be plead under Rule 94 of the TEX.R.CIV.PROC. *State v. Allstate Ins. Co.,* 654 S.W.2d 45 (Tex.App.—Austin 1983, writ ref'd n.r.e.). Mutual mistake must be plead or it is waived. *Durham v. Uvalde Rock Asphalt Co.,* 599 S.W.2d 866, 869 (Tex.App.—San Antonio 1980, no writ). To avoid summary judgment on the ground that an affirmative defense exists, the non-movant's evidence must raise a fact issue on each of the elements of such affirmative defense. *Manges v. Astra Bar, Inc.,* 596 S.W.2d 605 (Tex.App.—Corpus Christi 1980, writ ref'd n.r.e.). Prior to filing its brief on appeal, Tag had never before plead or argued the defense of mistake to the claim of appellee, therefore, appellant may not now assert this defense for the first time on appeal. TEX.R.CIV.P. 166a(c).

▮ Even if appellant had plead mistake as an affirmative defense, it presented no competent summary judgment evidence by affidavit or other proof, of its right to the defense of mistake. The affidavit in support of appellant's response to appellee's motion for interlocutory summary judgment does not mention any evidence of mistake, does not controvert the existence of the agreement between appellee and appellant and it does not set any facts of the alleged subsequent discovery of additional off-sets and credits. Therefore, we see no fact issue regarding appellant's alleged mistake in the off-sets and credits to which it may be entitled prior to August 14, 1986. Likewise, appellant's claim of fraud in the inducement was not supported by competent summary judgment evidence, therefore no fact issue was raised to defeat the motion for interlocutory summary judgment of appellant. Appellant's point of error number two is overruled.

Appellant's point of error number three complains of trial court error in granting appellee's motion for interlocutory summary judgment because the evidence presented with and in response to appellee's motion by appellant's counter-claim, raises is-

sues of material fact on whether or not appellant is liable to appellee and/or what balance, if any, is due and owing from appellant to appellee.

■ If a genuine issue of fact is raised, so as to preclude a summary judgment, when the defendant files a counter-claim which raises material issues of fact which are in substantial dispute, then summary judgment would be improper. *Maddox v. Oldham Little Church Foundation,* 411 S.W.2d 375 (Tex.Civ.App.—Tyler 1967, writ ref'd n.r.e.). Appellant contends that at the time the trial court granted the summary judgment, appellant's counter-claim was on file alleging misrepresentations under the D.T.P.A., off-sets and fraudulent inducement.

■ Appellant apparently takes the position that the mere existence of its counter-claim on the date of the hearing on appellee's motion for interlocutory summary judgment created issues of material fact. It is clear to us that the issues addressed by appellant's counter-claim involved alleged off-sets and credits claimed by appellant due to the alleged deficiencies in the equipment provided by appellee under the original contract dated April 2, 1986. It is clear to us that these claims asserted by appellant were disposed of by the subsequent agreement between appellant and appellee immediately prior to August 14, 1986, the existence and content of which has been admitted by appellant. Therefore, appellant's counter-claim raises no issue that would defeat the motion for interlocutory summary judgment filed on behalf of appellee.

The mere filing of a cross-action will not prevent the entry of a summary judgment. *Bolling v. Texas Animal Health Com'n.,* 718 S.W.2d 819, 820 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). In *Bolling,* the issue raised in the defendant's counter-claim was considered by the court and disposed of in the summary judgment granted for plaintiff. Likewise, the alleged factual issues set out in appellant's counter-claim were disposed of by the trial court when it granted plaintiff's motion for interlocutory summary judgment. Appellant complains in its brief that it was entitled to off-sets and credit against the amount owed by appellant to appellee, and also that appellee made representations regarding the capabilities of its equipment prior to the execution of the original contract. However, appellant admitted the existence of the subsequent agreement immediately prior to August 14, 1986, and it did not controvert the contention of appellee in its motion of interlocutory summary judgment that the subsequent agreement eliminated all off-sets and credits of appellant, including any caused by representations alleged to have been made by appellee.

The final summary judgment entered on behalf of appellee was proper because the only issues raised by appellant's counter-claim were issues that were neither relevant nor material to appellant's liability to appellee, or to the amount owed by appellant to appellee. Appellant's point of error number three is overruled.

Point of error number four contends that the trial court erred in granting summary judgment because the August 14, 1986 letter from George Snyder, representative of appellant to appellee, as a matter of law, did not constitute a valid settlement agreement and the letter is therefore inadmissible.

■ A compromise and settlement agreement is subject to the general principles of the law of contracts. *Hernandez v. Telles,* 663 S.W.2d 91, 93 (Tex.App.—El Paso 1983, no writ). The offer and acceptance of the subsequent agreement between appellee and appellant took place prior to August 14, 1986, and were confirmed by appellant in its letter to appellee dated August 14, 1986. Appellant promised to pay and the promise of appellee to forebear its collection efforts on the original contract constituted sufficient consideration for their subsequent agreement. 14 Tex.Jur. 3rd Contracts, sec. 110 (1988 Supp.). In addition the law will presume that there is sufficient consideration to support an agreement evidenced in writing which is signed by the parties sought to be charged. *Cortez v. Nat'l. Bank of Commerce,* 578 S.W.2d 476, 479 (Tex.App.—Corpus Christi

1979, writ ref'd n.r.e.); 14 Tex.Jur. 3rd Contracts, sec. 104 (1988 Supp.). Appellant never plead nor asserted in its response to appellee's motion for interlocutory summary judgment that there had been a lack of or failure of consideration concerning the subsequent agreement. Therefore, no further acts of acceptance were required by either party. *Perry v. Little,* 377 S.W.2d 765 (Tex.App.—Tyler 1964, writ ref'd n.r.e.), remanded for trial, trial appealed at 410 S.W.2d 286 (Tex.App.—Tyler 1966), *rev'd on other grounds,* 419 S.W.2d 198 (Tex. 1967).

Addressing the acceptance of appellee as to the subsequent agreement, appellee accepted two payments made by appellant pursuant to the subsequent agreement and Mr. Ken Pelt, president of appellee, acknowledged in his affidavit in support of the motion for summary judgment that appellee had received two payments from appellant pursuant to the subsequent agreement. We hold that the acceptance by appellee of the payments from appellant satisfied any requirement that appellee specifically accept appellant's performance or promise to perform pursuant to the subsequent agreement, if any such acceptance was required. *McCarty v. Langdeau,* 337 S.W.2d 407, 412 (Tex.App.—Austin 1960, writ ref'd n.r.e.).

Appellant further contends that the subsequent agreement was not competent summary judgment evidence because it was not admissible under Rule 408 of the TEX.R.CIV.EVID. Rule 408 of the TEX. R.CIV.EVID. applies to the negotiations or offers to compromise, but does not apply to completed agreements for compromise. *Brannam v. Texas Employers Ins. Ass'n,* 151 Tex. 210, 248 S.W.2d 118, 119 (1952); *Siegler v. Telco Leasing, Inc.,* 593 S.W.2d 850 (Tex.App.—Houston [1st Dist.] 1980, no writ). The subsequent agreement between the parties in this case is more than a mere offer to compromise and settle claim. As indicated in the summary judgment evidence, appellant orally agreed to the liquidated, undisputed amount owed by appellant to appellee and appellant subsequently confirmed this agreement in writ-

ing by the letter dated August 14, 1986 and furthermore, made payments pursuant to that agreement. We find that the subsequent agreement between the parties resulted in an accord and satisfaction which certainly would have been enforceable by appellant, had they sought to do so, and therefore the consideration by the trial court of the nature and terms of the subsequent agreement was proper.

In point of error number five, appellant contends the trial court erred in striking appellant's responsive affidavit, if in fact the trial court did strike such affidavit, because appellee's purported objection to the affidavit was not timely and/or properly presented to the trial court.

We hold that the objection of appellee to the affidavit in support of appellant's response to plaintiff's motion for interlocutory summary judgment was timely and properly presented to the court at the hearing on appellee's motion. Appellant's argument of untimeliness is apparently based on the service by appellee of its objections to the "George Snyder Affidavit" immediately prior to the summary judgment hearing held on October 17, 1988. The objection filed by appellee to the Snyder affidavit did not present new grounds for the granting of a summary judgment in favor of appellee, but only attacked the sufficiency of the summary judgment evidence presented by said affidavit. Appellee received the Snyder affidavit on October 13, 1988, four days prior to the hearing and was compelled by Rule 166a(c) and (e) of the TEX.R.CIV.P. to make an objection to the Snyder affidavit in writing prior to the summary judgment hearing or waive any objections.

Appellant in its brief implies that the objection of appellee to the Snyder affidavit was never presented to the trial court, however the record is clear that appellee both orally and in writing presented the objections to the Snyder affidavit at the hearing held on October 17, 1988. The transcript indicates that the objections of appellee to the Snyder affidavit were not filed stamped until November 8, 1988, the date of the final summary judgment. It is neverthe-

less clear that the objection of appellee to the Snyder affidavit was served upon counsel for appellant and presented to the court at the time of the hearing. We overrule appellant's point of error number five and hold that the competent summary judgment evidence showed no genuine issue of any material fact, therefore, the final summary judgment should be in all things affirmed.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. The majority holds, under point of error number three, that there were no factual issues raised under appellant's counterclaim. I disagree. The counterclaim was not pending at the time the motion for summary judgment was filed. The counterclaim plead that the letter agreement was induced by fraud. Appellee never filed an amended motion addressing this issue. Thus, this summary judgment did not dispose of all the issues and is not appealable. *Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex.1984). I would dismiss the appeal. Since the majority does not, I respectfully dissent.