Texacan, Inc. v. Reid 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-373-CV





TEXACAN, INC.,



 APPELLANT


vs.





DANNY REID D/B/A BURNET MINI STORAGE,



 APPELLEE



 



FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT,



NO. 13,321, HONORABLE CLAYTON E. EVANS, JUDGE


 




PER CURIAM

 The issue in this cause is the validity of actions taken by an alleged corporate
officer who profited from transactions with the corporation. Appellee Danny Reid ("Reid"), d/b/a
Burnet Mini Storage, sued appellant Texacan, Inc. under theories of unjust enrichment, quantum
meruit, and breach of contract for damages in excess of $20,000 and attorney's fees for Texacan's
failure to pay rent on three self-service storage units. In a bench trial the district court awarded
Reid judgment for $9639.00 in damages, $1215.30 in prejudgment interest, and $3000.00 in
attorney's fees.

 In three points of error Texacan alleges that the district court erred in: (1) failing
to find that Reid was in a fiduciary relationship with Texacan because the evidence established the
fiduciary relationship as a matter of law; (2) admitting in evidence testimony of a compromise
settlement in violation of Texas Rule of Civil Evidence 408; and (3) finding that Reid had a
statutory lien on Texacan's property because the evidence is insufficient. We will affirm.

 Reid is the only child of Texacan's founder. Reid sat on Texacan's board of
directors and became vice president and general manager of Texacan in 1987. Reid also owns
Burnet Mini Storage where Texacan stored property beginning in 1987. The monthly rent for the
January 1987 lease was $195.00, and Reid signed the lease for Texacan.

 Reid inherited half of Texacan's stock on his mother's death in December 1987,
and Reid and his father had disputes over business and personal matters. Texacan stopped paying
the $195.00 monthly rent in the summer of 1988. A verbal agreement was allegedly made in
March 1989 under which Texacan agreed to pay Reid $1459.00 and vacate the self-service storage
units by March 15, 1989, or if the property was not moved, Texacan allegedly agreed to pay a
reasonable storage rate. Reid's father died later in 1989, leaving the father's half of Texacan's
stock to Reid's stepmother.

 In point of error one, Texacan alleges that the district court erred in failing to find
that Reid was in a fiduciary relationship with Texacan because the evidence established the
fiduciary relationship as a matter of law. We interpret this to be a legal-sufficiency point of error
arguing that Texacan established Reid's fiduciary relationship as a matter of law. This point of
error appears to be directed solely at Reid's actions in charging rent after March 1989.

 In deciding a legal-sufficiency point attempting to overcome an adverse fact finding
as a matter of law, we must first consider only the evidence and inferences tending to support the
finding of the trier of fact and disregard all evidence and inferences to the contrary. If there is
no evidence to support the finding, we must then examine the entire record to see if the contrary
proposition is established as a matter of law. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690
(Tex. 1989); Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982); Texas & N.O. R.R. v. Burden,
203 S.W.2d 522, 528-31 (Tex. 1947). See generally William Powers, Jr. & Jack Ratliff, Another
Look at "No Evidence" and "Insufficient Evidence", 69 Tex. L. Rev. 515, 523 (1991); Michol
O'Connor, Appealing Jury Findings, 12 Hous. L. Rev. 65, 78-80 (1974). There is some evidence
in the record that Reid was removed as vice president and general manager of Texacan as late as
August 1988, and Texacan failed to introduce any evidence at trial that Reid was still a director
of Texacan during the time the disputed actions occurred. Point of error one is overruled.

 In point of error two, Texacan alleges that the district court erred in admitting in
evidence testimony of the March 1989 agreement because it was a compromise settlement. See
Tex. R. Civ. Evid. Ann. 408 (Pamph. 1992). Rule 408 applies to negotiations or offers to
compromise, but does not apply to completed offers for compromise. Tag Resources, Inc. v.
Petroleum Well Servs., Inc., 791 S.W.2d 600, 606 (Tex. App. 1990, no writ). The district court
found that both Reid and Texacan agreed to the March 1989 compromise. Point of error two is
overruled.

 In point of error three, Texacan alleges that the district court erred in rendering
judgment because the court's finding that Reid had a statutory lien on Texacan's property is
erroneous as a matter of law. See Tex. Prop. Code Ann. §§ 59.021-.046 (1984 & Supp. 1992). 
Texacan bases its argument on the evidence that Reid allowed his relatives to use the stored
property and that Texacan did not have possession of the keys to the self-service storage units. 
See Tex. Prop. Code Ann. §§ 59.001(3), .001(4) (1984) ("self-service storage facility" defined
as "real property that is rented to be used exclusively for storage of property and is cared for and
controlled by the tenant"; "tenant" defined as "person entitled under a rental agreement to the
exclusive use of storage space at a self-service storage facility").

 Reid testified that he had the only key to the locks. As previously discussed, the
record indicates that Reid was vice president and general manager of Texacan at least as late as
August 1988, and he may have been a director of Texacan after that time. Although Reid was in
the unusual situation of being both lessor and tenant, Texacan did have possession of the keys at
least until the time of its default on the lease payments. Texacan also cites to Reid and his
daughter's testimony to show Reid allowed relatives to use the stored property; however, both sets
of testimony state that Reid's father authorized the use. Point of error three is overruled.



 The judgment of the district court is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: August 12, 1992

[Do Not Publish]