TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00721-CV







Safe Environment, Inc., Appellant




v.




Pelzel & Associates, Inc., Appellee








FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 238,565, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING








 Safe Environment, Inc. ("Safe") appeals from a money judgment recovered against
it by Pelzel & Associates, Inc. ("Pelzel"). We will affirm the judgment.


THE CONTROVERSY


 The City of Austin invited bids for renovation of a room in the communications
building at the former Bergstrom Air Force Base now owned by the City. Wishing to bid on the
renovation project, Pelzel invited Safe to bid, as a subcontractor, on a component part of the
work--the design, engineering, installation, and testing of a rare kind of fire-suppression system,
according to plans, specifications, and other requirements contained in the City's comprehensive
"Project Manual." (1) The manual contained two addenda mentioned below.

 To enable Safe to calculate a bid on the fire-suppression system, Pelzel gave Safe
a copy of the manual. The copy included Addendum One which enlarged the work originally
required for the fire-suppression system. Addendum Two, issued August 7, 1997, extended to
August 22, 1997, the deadline for submitting and the hour for opening the bids on the whole
project. Shortly before the deadline, Pelzel received from Safe its bid of $34,755 for the fire-suppression system. Pelzel hurriedly incorporated that amount into its bid on the whole project. 
Project officials opened the bids shortly afterward and announced that Pelzel was the low,
responsible bidder for the project.

 On August 25, 1997, Pelzel notified Safe of Pelzel's successful bid and informed
Safe that Pelzel intended to engage Safe as subcontractor for the fire-suppression system. Project
officials, on September 24, 1997, recommended to the Austin city council that the contract be
awarded to Pelzel; the council did so the same day.

 On September 29, 1997, Pelzel conferred with its various subcontractors, including
Safe, planning for the preparation, timing, and other matters pertaining to the several phases of
the project. After the meeting, Safe notified Pelzel that Safe could not honor its bid of $34,755
because Safe had been unaware of the contents of Addendum One which enlarged the work
required for the fire-suppression system. On the following day, September 30, 1997, Pelzel
received from Safe a new bid in the amount of $65,635, encompassing the added requirements
of Addendum One.

 On October 1, 1997, Pelzel communicated to Safe a "letter of intent" formally
accepting Safe's bid of $34,755. Safe refused to do the work for that sum. Pelzel engaged
another subcontractor to do the work for $89,700. The subcontractor performed the work for that
amount. Pelzel sued in the present cause to recover the difference of $59,945.

 Pelzel alleged two causes of action, the first a breach-of-contract claim, the second
a claim founded upon the doctrine of promissory estoppel. (2) Following a bench trial, the court
below awarded Pelzel judgment for the $59,945 as damages, together with $13,620 in attorney's
fees, costs of court, and post-judgment interest. The judgment is not supplemented by findings
of fact and conclusions of law. Nothing in the judgment itself indicates whether it is based on
Pelzel's breach-of-contract claim or its promissory-estoppel claim.

 In a single point of error, Safe complains that the trial court erred in awarding the
$13,620 in attorney's fees. (3) Safe argues as follows: (1) attorney's fees are recoverable only when
authorized by statute or by a contract so providing; (2) no contract provision of that kind is
applicable here; (3) section 38.001 of the Texas Civil Practice and Remedies Code authorizes
recovery of attorney's fees in suits based on oral or written contracts; (4) section 38.001 does not
authorize recovery of attorney's fees here, however, because the evidence is legally insufficient
to show that Safe ever made a contract with Pelzel and, being restricted to contract claims by its
very terms, section 38.001 does not authorize recovery of attorney's fees if Pelzel's recovery is
based on the equitable doctrine of promissory estoppel.

 We conclude the trial court did not err, whether Safe's recovery be on a breach-of-contract or a promissory-estoppel cause of action.


DISCUSSION AND HOLDINGS


 Breach of Contract. Safe reasons that it revoked its $34,755 bid before Pelzel
accepted it. This is based on the theory that Pelzel did not accept the $34,755 bid until October
1, 1997, when Pelzel communicated to Safe the former's "letter of intent" formally accepting the
bid. This letter was delivered one day after Safe had delivered to Pelzel, on September 30, 1997,
Safe's higher bid of $65,645 which in legal effect revoked the earlier bid of $34,755. We reject
the theory.

 Before September 30, 1997, project officials had opened the bids and announced
that Pelzel was the low, responsible bidder; Pelzel had notified Safe of that fact and of its intent
to engage Self as subcontractor for the fire-suppression system; and Pelzel had conferred with Safe
and the other subcontractors to plan and time the various phases of the work. (4)

 The action of the city council in awarding the contract to Pelzel resulted in a valid
contract between them, there being no contention that some legal requirement prevented that
result. See 10 McQuillin Municipal Corporations § 29.80 at 528-29 (1999). Concerning any
contract between Pelzel and Safe, it is axiomatic that a subcontractor cannot withdraw from his
agreement after the contractor has accepted the subcontractor's bid. See 17 C.J.S. Contracts § 50
at 707 (1963). The axiom carries particular force here where Pelzel was forbidden by law to
change its own bid after the bids were opened. See Tex. Loc. Gov't Code Ann. § 271.026 (West
1999). When then did Pelzel accept, if it did, Safe's offer of $34,755?

 Acceptance of an offer need not take the form of a promise or express assent unless
the offer so requires. The necessary assent may be manifested by the offeree's objective conduct
having reference to the offer. See Estate of Townes v. Townes, 867 S.W.2d 414, 419 (Tex.
App.--Houston [14th Dist.] 1993, writ denied); Tag Resources, Inc. v. Petroleum Well Services,
Inc., 791 S.W.2d 600, 606 (Tex. App.--Beaumont 1990, no writ); McCarty v. Langdeau, 337
S.W.2d 407, 412 (Tex. Civ. App.--Austin 1960, writ ref'd n.r.e.); Salisbury v. Taylor, 5 S.W.2d
874, 875 (Tex. Civ. App.--Austin 1928, no writ). Safe's offer did not specify any particular mode
by which it must be accepted.

 We believe the trial judge could reasonably infer from the body of evidence that
Pelzel's conduct before September 30, 1997, manifested the necessary assent to Safe's offer of
$34,755. We refer particularly to Pelzel's incorporating Safe's bid in Pelzel's own successful bid,
Pelzel's notifying Safe that it would be the subcontractor for the fire-suppression system, and
Pelzel's conferring thereafter with its several subcontractors, including Safe, to plan and time the
various phases of the work. It is undisputed that these occurred before Safe delivered its new and
higher bid to Pelzel. We hold accordingly.

 Promissory Estoppel. We will refer briefly to the possibility that the trial court
awarded attorney's fees in connection with a recovery by Pelzel under the doctrine of promissory
estoppel. We conclude the trial court did not err if the recovery rests on that ground. Section
38.001 of the Texas Civil Practice and Remedies Code authorizes recovery of attorney's fees in
suits based on oral or written contracts. A recovery under the promissory-estoppel doctrine is
based on contractual liability with an attendant right to recover attorney's fees under section
38.001. See Traco, Inc. v. Arrow Glass Co., Inc., 814 S.W.2d 186, 193-94 (Tex. App.--San
Antonio 1991, writ denied); Adams v. Petrade International, Inc., 754 S.W.2d 696, 720 (Tex.
App.--Houston [1st Dist.] 1988, writ denied); Preload Technology, Inc. v. A. B. & J. Construction
Co., 696 F.2d 1080, 1094 (5th Cir. 1983); Restatement (Second) of Contracts § 90 at 242 (1981);
Dorothy Hemmer Bishop, The Subcontractor's Bid: An Option Contract Arising Through
Promissory Estoppel, 34 Emory Law Journal 421 (1985). We hold accordingly.

 Finding no reversible error, we affirm the trial-court judgment.



 

 John E. Powers, Justice

Before Justices Kidd, Patterson and Powers*

Affirmed

Filed: October 14, 1999

Do Not Publish

















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The renovated room was intended to house computer equipment that would be adversely
affected by an ordinary fire-suppression system that discharged water or another substance into
the room. The system required by the Project Manual was one that suppressed a developing fire
by depriving it of oxygen. Evidence was adduced that Safe was familiar with such systems but
Pelzel was not.
2. "A promise which the promisor should reasonably expect to induce action . . . on the
part of the promisee . . . and which does induce such action . . . is binding if injustice can be
avoided only by enforcement of the promise." Restatement (Second) of Contracts § 90 (1981). 
Thus, the elements of such estoppel are: (1) a promise, (2) foreseeability, on the part of the
promisor, that the promisee will rely thereon, and (3) reasonable, substantial, and good-faith
reliance by the promisee to his detriment. See English v. Fischer, 660 S.W.2d 521, 524 (Tex.
1983); Sipco Services Marine, Inc. v. Wyatt Field Service Company, 857 S.W.2d 602, 605-07
(Tex. App.--Houston [1st Dist.] 1993, writ dism'd); Simpson v. MBank Dallas, N.A., 724 S.W.2d
102, 108 (Tex. App.--Dallas 1987, writ ref'd n.r.e.).
3. Safe does not complain at all regarding the $54,945 awarded by the trial court as
damages. Nor does Safe raise the unpleaded defense that its bid of $34,755 was the result of a
material mistake on its part--its failure to notice the enlarged work required by Addendum One. 
See Taylor and Son, Inc. v. Arlington Independent School District, 335 S.W.2d 371, 373-76 (Tex.
1960). Nor does Safe contend the parties intended that no contract should arise between them
unless and until they reached a formal agreement of some kind. See Foreca, S.A. v. GRD
Development Company, Inc., 758 S.W.2d 744, 745-46 (Tex. 1988).
4. Safe's officer testified that he had never seen Addendum One before the conference
between Pelzel and the various subcontractors. No contention was made that Addendum One was
not in the copy of the Project Manual that Pelzel gave Safe. Safe's officer also testified that he
did not understand that Safe ever had a contract with Pelzel. Pelzel's officer testified to the
contrary and that Pelzel relied upon Safe's $34,755 bid throughout.



stoppel. We conclude the trial court did not err if the recovery rests on that ground. Section
38.001 of the Texas Civil Practice and Remedies Code authorizes recovery of attorney's fees in
suits based on oral or written contracts. A recovery under the promissory-estoppel doctrine is
based on contractual liability with an attendant right to recover attorney's fees under section
38.001. See Traco, Inc. v. Arrow Glass Co., Inc., 814 S.W.2d 186, 193-94 (Tex. App.--San
Antonio 1991, writ denied); Adams v. Petrade International, Inc., 754 S.W.2d 696, 720 (Tex.
App.--Houston [1st Dist.] 1988, writ denied); Preload Technology, Inc. v. A. B. & J. Construction
Co., 696 F.2d 1080, 1094 (5th Cir. 1983); Restatement (Second) of Contracts § 90 at 242 (1981);
Dorothy Hemmer Bishop, The Subcontractor's Bid: An Option Contract Arising Through
Promissory Estoppel, 34 Emory Law Journal 421 (1985). We hold accordingly.

 Finding no reversible error, we affirm the trial-court judgment.



 

 John E. Powers, Justice

Before Justices Kidd, Patterson and Powers*

Affirmed

Filed: October 14, 1999

Do Not Publish

















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The renovated room was intended to house computer equipment that would be adversely
affected by an ordinary fire-suppression system that discharged water or another substance into
the room. The system required by the Project Manual was one that suppressed a developing fire
by depriving it of oxygen. Evidence was adduced that Safe was familiar with such systems but
Pelzel was not.
2. "A promise which the promisor should reasonably expect to induce action . . . on the
part of the promisee . . . and which does induce such action . . . is binding if injustice can be
avoided only by enforcement of the promise." Restatement (Second) of Contracts § 90 (1981). 
Thus, the elements of such estoppel are: (1) a promise, (2) foreseeability, on the part of the
promisor, that the promisee will rely thereon, and (3) reasonable, substantial, and good-faith
reliance by the promisee to his detriment. See English v. Fischer, 660 S.W.2d 521, 524 (Tex.
1983); Sipco Services Marine, Inc. v. Wyatt Field Service Company, 857 S.W.2d 602, 605-07
(Tex. App.--Houston [1st Dist.] 1993, writ dism'd); Simpson v. MBank Dallas, N.A., 724 S.W.2d
102, 108 (Tex. App.--Dallas 1987, writ ref'd n.r.e.).
3. Safe does not complain at all regarding the $54,945 awarded by the trial court as
damages. Nor does Safe raise the unpleaded defense that its bid of $34,755 was the result of a
material mistake on its part--its failure to notice the enlarged work required by Addendum One. 
See Taylor and Son, Inc. v. Arlington Independent School District, 335 S.W.2d 371, 373-76 (Tex.
1960). Nor does Safe contend the parties intended that no contract should arise between them
unless and until they reached a formal agreement of some kind. See Foreca, S.A. v. GRD
Development Company, Inc., 758 S.W.2d 744, 745-46 (Tex. 1988).
4. Safe's officer testified that he had never seen Addendum One before the conference
between Pelzel and the various subcontractors. No contention was made that Addendum One was
not in the copy of the Project Manual that Pelzel gave Safe. Safe's officer also testified that he
did not unders